DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Hope Smith has appealed from the decision of the Lorain County Court of Common Pleas that sentenced her to eight months in prison. This Court affirms.
 {¶ 2} On May 19, 2005, Defendant-Appellant Hope Smith was indicted for one count of theft, in violation of R.C.2913.02(A)(1), a felony of the fourth degree. Appellant appeared before the trial court and entered a "not guilty" plea to the indictment.
 {¶ 3} On August 22, 2005, Appellant withdrew her "not guilty" plea and entered a plea of "no contest." The trial court found Appellant guilty as charged in the indictment and ordered a pre-sentence investigation report. After reviewing the pre-sentence investigation report, the trial court conducted a sentencing hearing and sentenced Appellant to eight months incarceration.
 {¶ 4} Appellant has appealed her sentence, asserting two assignments of error.
 ASSIGNMENT OF ERROR NUMBER I
"The trial court's imposition of a prison term upon appellant is not supported by the record and is contrary to law."
 {¶ 5} In her first assignment of error, Appellant has argued that her sentence is not supported by the record and contrary to law. Specifically, Appellant has argued that the trial court failed to make the requisite findings under R.C.2929.13(B)(2)(a). During the pendency of Appellant's appeal, the Ohio Supreme Court addressed Ohio sentencing guidelines in Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court held that portions of Ohio's felony sentencing statutes are unconstitutional and void. Accordingly, we must review Appellant's argument concerning R.C. 2929.13 in light of the Supreme Court's decision in Foster.
 {¶ 6} Appellant has argued that the trial court failed to make the required findings under R.C. 2929.13(B)(2). Pursuant to R.C. 2929.13(B)(2)(a):
"If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in [R.C.2929.12], finds that a prison term is consistent with the purposes and principles of sentencing set forth in [R.C. 2929.11] and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 7} Appellant has asserted that the trial court should not have sentenced her to prison because it failed to find that a prison term was consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that Appellant was not amenable to community control. We disagree.
 {¶ 8} In Foster, the Supreme Court reviewed R.C. 2929.13 to determine whether it violated Blakely v. Washington,542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The Court determined that R.C. 2929.13 does not violate Blakely. Foster, at ¶ 69. After determining that the statute was constitutional, the Court analyzed the findings discussed in the statute. The Supreme Court found that R.C. 2929.13 "does not prevent a court from imposing a prison term without [the] findings [of R.C. 2929.13]." Id. The Court held that "[t]here is no presumption in favor of community control[.]" Id. "R.C. 2929.13(B)(2)(a) would permit a judge to impose prison rather than community control without R.C.2929.13(B) findings." Id. at ¶ 70. Foster gives the trial court discretion under R.C. 2929.13 when determining whether to impose prison or community control when sentencing offenders on fourth or fifth degree felonies. See Id. at ¶¶ 69-70. Therefore, contrary to Appellant's assignment of error and argument, a trial court can impose a prison sentence without making the findings discussed in R.C. 2929.13.
 {¶ 9} Based on the foregoing, we find the trial court did not err in imposing a prison sentence and was not required to make findings under R.C. 2929.13(B)(2). Accordingly, Appellant's first assignment of error lacks merit.
 ASSIGNMENT OF ERROR NUMBER II
"The trial court's imposition of a non-minimum prison term violated appellant's rights under the Sixth Amendment of the Constitution of the United States."
 {¶ 10} In her second assignment of error, Appellant has argued that the trial court violated her Sixth Amendment rights. Specifically, Appellant has argued that the trial court erred in sentencing her beyond the minimum because such a sentence required additional findings that should have been made by a jury.
 {¶ 11} As previously discussed, the Ohio Supreme Court addressed Ohio sentencing guidelines in Foster. The Court also addressed the guidelines in State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855. This Court interpreted and applied Foster andMathis in State v. Dudukovich, 9th Dist. No. 05CA008729,2006-Ohio-1309. In Dudukovich, we found that Foster held that portions of Ohio's sentencing guidelines were unconstitutional, but that the appellant did not properly preserve his constitutional challenge for appeal. Dudukovich at ¶ 21. We held that an appellant, if sentenced after Blakely, waives his constitutional challenge to his sentence if he does not preserve the argument in the trial court. Id. at ¶¶ 22 and 24. This Court questioned "whether [the] Defendant raised a specific challenge to the constitutionality of Ohio's sentencing statutes in the trial court." Id. at ¶ 24. We found that "[a]s Defendant failed to raise any objection below, let alone an objection specifically raising a constitutional challenge, he is precluded from raising such an argument for the first time on appeal." Id.
 {¶ 12} Based on our holding in Dudukovich, we find that Appellant did not properly preserve her constitutional challenge for appeal. See State v. Duffield, 9th Dist. No. 22634,2006-Ohio-1823, at ¶¶ 72-75 (holding that when appellant did not specifically object to the constitutionality of a statute after sentencing in trial court he waived that argument on appeal.). The record in the instant matter shows that Appellant was sentenced on October 24, 2005, well after Blakely was decided. While Appellant did present arguments against incarceration, she did not object in the trial court to her sentence after it was given. Based on precedent that one must object to preserve errors for review, we find that Appellant is precluded from arguing the sentencing statute's constitutionality on appeal. See Duffield,
supra.
 {¶ 13} Appellant's second assignment of error is not well taken.
 {¶ 14} Appellant's two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. Moore, J. Concur.