OPINION
{¶ 1} Robert Slone entered pleas of guilty to OMVI in violation of R.C. 4511.19(A)(1), a first degree misdemeanor, and Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(1)(a), a second degree felony. In return for these guilty pleas, the State dismissed one other first degree misdemeanor charge and two third degree felony charges arising out of the same incident.
 {¶ 2} After receiving a presentence investigation report, the trial court sentenced Slone to concurrent terms of six months and seven years imprisonment.
 {¶ 3} Slone assigns error and states his issues presented for review as follows:
 {¶ 4} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING AN UNDULY HARSH SENTENCE, WHERE THE R.C. 2929.12 FACTORS WOULD TEND TO INDICATE A LESS SEVERE PUNISHMENT.
 {¶ 5} "1. After the Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, what standard of review should be adopted for review of criminal felony sentences?
 {¶ 6} "2. Does a trial court abuse its discretion in sentencing where the sentence imposed appears to be at odds with the factors of R.C.2929.12, and where the trial court has not explained its decision?"
 Issue 1. {¶ 7} Both parties appear to agree, as do we, that the appellate court standard of review on sentencing issues is now abuse of discretion. SeeState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, syllabus, para. 7, § 100 at 30.
 Issue 2. {¶ 8} In State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, the court stated at § 38 at 62:
 {¶ 9} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 10} Slone contends, in effect, that because the "more serious" and "less serious" factors of R.C. 2929.12 are in relative equipoise, and because all of the R.C. 2929.12 recidivism "not likely" factors are present and none of the "likely" factors are present, hishigh end sentence of seven years — the maximum being eight and a half years — is an abuse of discretion.
 {¶ 11} We disagree.
 {¶ 12} The trial court found, and Slone concedes, that a more serious factor — "The victim . . . suffered serious physical . . . harm . . ." — is present in this case. R.C. 2929.12(B)(2). Slone also concedes there are no less serious factors implicated in this case although we believe he could plausibly argue that he "did not . . . expect to cause physical harm to any person." R.C. 2929.12(C)(3). Because the death of the victim is an element of Aggravated Vehicular Homicide, we are inclined to agree with Slone that the more serious and less serious factors thatare identified in R.C. 2929.12(B, C) are in relative equipoise. However, this statute also requires the court to consider "any other relevant factors" in doing its seriousness analysis. Id.
 {¶ 13} Turning to the recidivism factors, we agree that the "not likely" factors outweigh the "likely" factors although we note that the Senior Probation Officer who interviewed Slone and prepared the PSI "ha(d) a difficult time determining the defendant's remorse or lack thereof" and, in discussing restitution . . ."the tone of the defendant did not sit well with this officer. . . ." R.C. 2929.12(D)(5),(E)(5).
 {¶ 14} In addition to considering the seriousness and recidivism factors of R.C. 2929.12, the court is required to consider the purposes of felony sentencing, R.C. 2929.11(A), Mathis, supra. One of those purposes is "deterring . . . others from future crime."
 {¶ 15} If there was ever a case where a stiff sentence can be justified as a stern warning to others, this is it.
 {¶ 16} After several hours of drinking at a friend's house, Slone departed for his home in his pickup truck. While fumbling with his cell phone, Slone's truck went completely left of center, striking an oncoming motorcycle operated by Jason Presley, a thirty-year-old man with a promising future. Presley died at the scene. Slone tested .189, almost twice the legal limit. Slone knew he should not have been drinking because of his regimen of medication. Although the trial court did not say it was sending a message to the community, it was not obliged to do so. See State v. Windham, Wayne App. No. 05 CA 0033;2006 WL 825436; 2006-Ohio-1544.
 {¶ 17} Returning to the "other relevant factors" bearing on seriousness, we believe that Slone's .189 breath test and the fact that Slone knew he shouldn't be drinking at all could be considered a "more serious" factor in this case.
 {¶ 18} We also think the relationship — or lack thereof — between Slone and Jason Presley could be considered a "more serious"factor. Slone and Presley were strangers. It might have been a different story if Slone and Presley had been friends, and that after a session of drinking together, Presley was a passenger in Slone's truck when Slone had an accident that killed Presley. While Presley could not be said to have "induced or facilitated" his death in this scenario — R.C.2929.12(C)-he was nevertheless a willing passenger. In this case, however, Presley was totally blameless.
 {¶ 19} In State v. Garrison (1997), 123 Ohio App.3d 11, a case dealing with indefinite terms of imprisonment, we stated at 17:
 {¶ 20} "R.C. 2929.12 sets out factors that the court must consider when imposing an indefinite term of imprisonment, some of which weigh in favor of either a longer or a shorter minimum term of imprisonment. A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12. State v. Adams (1988),37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus. If a trial court's sentence is within the statutory limits, it will be presumed that the trial court considered the relevant factors in the absence of an affirmative showing that it failed to do so. State v. Crouse (1987),39 Ohio App.3d 18, 20, 528 N.E.2d 1283, 1285-1286. That presumption may be overcome, however, when the sentence imposed is strikingly inconsistent with the R.C. 2929.12 factors applicable to the case.State v. Flors (1987), 38 Ohio App.3d 133, 140, 528 N.E.2d 950, 957-958."
 {¶ 21} In that case, we did determine that the presumption had been overcome. Immediately after the jury returned its verdict, the trial court, without benefit of a PSI, imposed four consecutive sentences for an aggregate sentence of 26-50 years for the two counts of robbery and two counts of abduction of which Garrison had been found guilty. In saying the presumption had been overcome, we stated in part:
 {¶ 22} ". . . In light of the minimal harm, if any, to the victims and modest value of the property taken, this aggregate sentence, in the absence of some explanation by the trial court for its severity, strikes us as inconsistent with the R.C. 2929.12 factors applicable to this case, and we thus cannot indulge the usual presumption arising from a silent record that the trial court complied with the statute. Accordingly, we will reverse the judgment and remand the matter for new sentencing proceedings, wherein the R.C. 2929.12 factors applicable to this case shall be considered."
 {¶ 23} Here, the court stated it had considered the principles and purposes of sentencing under R.C. 2929.11 and had balanced the seriousness and recidivism factors under R.C. 2929.12. The court also had the benefit of a thorough PSI.
 {¶ 24} Given our belief that a stern sentence was justified in the case to deter others from drinking and driving, and our belief that there were "other relevant factors indicating that (Sloan's) conduct (was) more serious than conduct normally constituting the offense" — R.C. 2929.12(B) — we have no reason to conclude that the trial court did not give conscientious consideration to R.C. 2929.11 and .12 or that the sentence was an abuse of discretion.
 {¶ 25} The assignment of error is overruled.
 {¶ 26} The judgment will be affirmed.
FAIN, J. and GRADY, J., concur.