DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Ismael Franco, appeals his conviction and sentence out of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On May 19, 2005, Franco was indicted on one count of kidnapping in violation of R.C. 2905.01(A)(4), a felony of the first degree; three counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree; three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A)(B)(3), felonies of the third degree; three counts of sexual battery in violation of R.C. 2907.03(A)(1), felonies of the third degree; and one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the third degree. Franco pled not guilty to the charges. *Page 2 
 {¶ 3} On September 23, 2005, the Honorable Christopher Collier issued a judgment entry of recusal, recusing himself from the matter. On September 26, 2005, the Honorable James Kimbler issued a journal entry, transferring the case to his docket for further proceedings.
 {¶ 4} As the case proceeded, Franco filed a demand for discovery and motion for a bill of particulars. Franco filed several motions for a continuance of trial to allow for trial preparation. After original counsel withdrew, newly appointed counsel filed another motion for a bill of particulars. On December 19, 2005, Franco filed a motion for discharge for failure to obtain a speedy trial. On January 12, 2006, the trial court calculated time tolled pursuant to R.C. 2945.72 and denied the motion for discharge.
 {¶ 5} Franco filed two more motions to continue trial. Trial was continued until April 10, 2006. On April 11, 2006, the matter proceeded for change of plea hearing. In exchange for the State's dismissing three counts of rape and three counts of sexual battery, Franco pled guilty to an amended count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A)(B)(3), felonies of the third degree; and one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A)[1], a felony of the third degree.
 {¶ 6} On May 11, 2006, Franco filed a pro se motion to withdraw his guilty plea. The trial court scheduled the matter for hearing on May 19, 2006. On May 19, 2006, however, at approximately one hour later than the time scheduled for hearing, the Honorable James Kimbler *Page 3 
filed a journal entry recusing himself from the matter and ordering that the matter shall be reassigned by the Administrative Judge, the Honorable Christopher Collier. The record does not reflect that Judge Collier ever issued a journal entry ordering the transfer of the case to his docket. Nevertheless, Judge Collier presided over the remainder of the case. At the June 1, 2006 hearing on Franco's motion to withdraw his guilty plea, Judge Collier noted that Judge Kimbler transferred the case to him on May 19, 2006. He also orally referenced the transfer of the case to his docket during the continuation of the hearing on Franco's motion on June 9 and 12, 2006.
 {¶ 7} On June 12, 2006, the trial court classified Franco as a sexually oriented offender. On June 14, 2006, the trial court denied Franco's motion to withdraw his guilty plea and sentenced him to four years in prison on each count, with the sentence for abduction to be served consecutively to the other four sentences which were to be served concurrently with one another. Franco timely appealed, [2] raising seven assignments of error for review. This Court consolidates some assignments of error to facilitate review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT FAILED TO CONSIDER THE FACTORS OF SERIOUSNESS AND RECIDIVISM PURSUANT TO R.C. 2929.12, THUS SENTENCE REFLECTED AN ABUSE OF DISCRETION."
 {¶ 8} Franco argues that the trial court abused its discretion by failing to consider the seriousness and recidivism factors pursuant to R.C. 2929.12 in sentencing him. This Court disagrees.
 {¶ 9} As the sentencing court is vested with "full discretion to impose a prison sentence *Page 4 
within the statutory range[,]" this Court reviews felony sentences for an abuse of discretion. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at ¶ 100; State v. Windham, 9th Dist. No. 05CA0033,2006-Ohio-1544, at ¶ 12. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Ports v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} Franco asserts that the trial court failed to consider the factors in R.C. 2929.12 when it sentenced him. The Foster court stated that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. Since the Ohio Supreme Court decidedFoster, several appellate districts have adopted the holding inState v. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus, that "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." See, e.g.,State v. Greitzer, 11th Dist. No. 2006-P-0090, 2007-Ohio-6721, at ¶ 28;State v. Jackson, 3d Dist. No. 1-06-26, 2006-Ohio-5146, at ¶ 5;State v. Poindexter, 7th Dist. No. 05 MA 45, 2006-Ohio-3525, at ¶ 10;State v. Slone, 2d Dist. Nos. 2005 CA 79 2006 CA 75, 2007-Ohio-130, at ¶ 20. Post-Foster, the Slone court reaffirmed that where the trial court's sentence falls within statutory limits, "it will be presumed that the trial court considered the relevant factors in the absence of an affirmative showing that it failed to do so" unless the sentence is "strikingly inconsistent" with the applicable R.C. 2929.12 factors.Slone at ¶ 20. The defendant bears the burden of demonstrating the trial court's failure to consider the relevant *Page 5 
factors by pointing to facts and circumstances in the record. State v.Todd, 10th Dist. No. 06AP-1208, 2007-Ohio-4307, at ¶ 15.
 {¶ 11} Although this Court has not previously adopted the holding inAdams post-Foster, we do so now.[3] We have previously articulated "our opinion that the considerations under R.C. 2929.11 and 2929.12 are not required to be articulated at the sentencing hearing."Windham at ¶ 20. In addition, this Court has previously affirmed a trial court's imposition of sentence where the court, as in this case, noted its consideration of the purposes of sentencing pursuant to R.C. 2929.11, but failed to note its consideration of the seriousness and recidivism factors pursuant to R.C. 2929.12. State v. Roper, 9th Dist. No. 23454, 2008-Ohio-1053, at ¶ 10.
 {¶ 12} Although the trial court in this case did not articulate its considerations at the sentencing hearing, the record indicates that it could have considered the seriousness and recidivism factors pursuant to R.C. 2929.12 because the trial court ordered a presentence investigation. This Court has stated that there is a presumption that the trial court utilized a pre-sentence investigation report for purposes of imposing sentence where the report had been ordered notwithstanding its absence from the record. State v. Lewis, 9th Dist. No. 23116, 2006-Ohio-5422, at ¶ 17.
 {¶ 13} In addition, at the sentencing hearing, the State noted the underlying circumstances of the incidents, specifically that there were multiple teenage victims and that Franco fathered a child by one of the victims as a result of one of the offenses. Furthermore, the *Page 6 
record contains information appended to the State's answer to Franco's request for discovery, including interviews in which Franco admits that the then-alleged victims were babysitters for his children. On the other hand, Franco has failed to point to facts and circumstances in the record to demonstrate the trial court's failure to consider the relevant R.C. 2929.12 factors or its abuse of discretion. See Todd at ¶ 15. Franco's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT IMPROPERLY IMPOSED ON [FRANCO] CONSECUTIVE SENTENCES FOR IMPRISONMENT CONTRARY TO R.C. 2929.41, THAT PROVIDES THAT IMPRISONMENT TIME SHALL RUN CONCURRENT[LY] WITH ADDITIONAL IMPRISONMENT TIME."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT IMPROPERLY SENTENCED [FRANCO] TO [AN] 8 YEAR TERM, ESSENTIALLY TWO 4 YEAR CONSECUTIVE SENTENCES, AS THE COURT UNCONSTITUTIONALLY FOUND FACTS BY A PREPONDERANCE OF THE EVIDENCE EXPOSING [FRANCO] TO AN ELEVATED UPPER TERM SENTENCE, THAT WAS ABOVE AND BEYOND THE STATUTORY MAXIMUM FOR THAT CHARGE WHICH WAS 2 YEARS, THUS VIOLATING [FRANCO'S] RIGHT TO A JURY TRIAL."
 ASSIGNMENT OF ERROR IV "THE SENTENCING OF [FRANCO], WITHOUT MAKING THE FINDS (sic) REQUIRED BY R.C. 2929.14(B)(C) AND R.C. 2929.14(E), AFTER THE SEVERANCE IN FOSTER OPERATED AS AN EX POST FACTO LAW AND DENIED [FRANCO] DUE PROCESS."
 {¶ 14} Franco argues that the trial court abused its discretion by imposing consecutive sentences, unconstitutionally engaging in fact-finding which violated his right to a jury trial, and by applying an ex post facto law. This Court disagrees.
 {¶ 15} In reliance on Foster and State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, which addressed sentencing guidelines, this Court has stated:
 "This Court interpreted and applied Foster and Mathis in State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309. In Dudukovich, we found that Foster *Page 7 
held that portions of Ohio's sentencing guidelines were unconstitutional, but that the appellant did not properly preserve his constitutional challenge for appeal. Dudukovich at ¶ 21. We held that an appellant, if sentenced after Blakely [v. Washington (2004), 542 U.S. 296], waives his constitutional challenge to his sentence if he does not preserve the argument in the trial court. Id. at ¶¶ 22 and 24. This Court questioned `whether [the] Defendant raised a specific challenge to the constitutionality of Ohio's sentencing statutes in the trial court.' Id. at ¶ 24. We found that `[a]s Defendant failed to raise any objection below, let alone an objection specifically raising a constitutional challenge, he is precluded from raising such an argument for the first time on appeal.' Id." State v. Smith, 9th Dist. No. 05CA008827, 2006-Ohio-2691, at ¶ 11.
 {¶ 16} Based on this Court's holding in Dudukovich, we find that Franco did not properly preserve his constitutional challenge for appeal. See State v. Duffield, 9th Dist. No. 22634, 2006-Ohio-1823, at ¶¶ 72-75 (holding that when a defendant did not specifically object to the constitutionality of a statute after sentencing in the trial court, he waived that argument on appeal.). In this case, the record indicates that Franco was sentenced on June 14, 2006, after Blakely was decided. Franco failed to object in the trial court to his sentence after it was ordered. Based on our prior precedent that a party must object to preserve errors for review, this Court finds that Franco is precluded from arguing the sentencing statute's constitutionality on appeal. SeeSmith, supra.
 {¶ 17} Franco acknowledges that he did not preserve these issues for appeal, but he argues that the trial court committed plain error. Crim. R. 52(B) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 18} Franco argues that, although the Ohio Supreme Court inFoster "excised the consecutive sentencing framework, R.C. 292914, [it] allowed to remain as law R.C. 2929.41[.]" R.C. 2929.41(A) states that multiple sentences shall be served concurrently. The Foster court held, however, that: *Page 8 
 "Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proved to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional.
 "R.C. 2929.14(E)(4) and 2929.14(A) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of consecutive prison terms." Foster
at paragraphs three and four of the syllabus.
 {¶ 19} In Foster, the Ohio Supreme Court held that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact-finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Supreme Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See id.; Dudukovich at ¶ 19.
 {¶ 20} The U.S. Supreme Court took specific note that the exercise of this discretion, when not in the form of mandatory fact-finding, does not violate the Constitution.
 "If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges; it is that circumstance that makes the Court's answer to the second question presented possible. For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant" (Emphasis added and internal citations omitted.) U.S. v. Booker (2005), 543 U.S. 220, 233.
A four-year prison sentence falls within the defined statutory range for a felony of the third degree. R.C. 2929.14(A)(3). To the extent that the trial court may have relied upon certain facts which it found relevant, after Foster, Franco had no right to a jury determination of those facts. *Page 9 
 {¶ 21} Finally, in support of his argument that the trial court's sentence violated the Due Process and Ex Post Facto clauses of the Ohio and U.S. Constitutions, Franco cites Bouie v. City of Columbia (1964),378 U.S. 347.
 {¶ 22} Both the United States and Ohio Constitutions prohibit ex post facto legislation, and similar restrictions have been placed on judicial opinions. See, e.g., Bouie, supra. In Bouie, the United States Supreme Court held that due process prohibits retroactive application of any judicial decision construing a criminal statute that "is unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue[.]" Id. at 354. While Bouie referenced ex post facto principles, the United States Supreme Court later explained thatBouie's "rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Rogers v. Tennessee
(2001), 532 U.S. 451, 459. This principle has also been recognized by the Ohio Supreme Court. See State v. Garner (1995), 74 Ohio St.3d 49.
 "[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law and can thereby violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution * * * even though the constitutional prohibition against ex post facto laws is applicable only to legislative enactments." (Internal citations and quotations omitted.) Id. at 57, quoting Bouie, 378 U.S. at 353; Marks v. United States (1977), 430 U.S. 188, 191-92.
 {¶ 23} In State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082, this Court rejected the argument that Foster's remedy violates the due process and ex post facto provisions of the Ohio and U.S. Constitutions. In so holding, we noted as follows: "We are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound byFoster. Furthermore, we are confident that the Supreme Court would not direct us to violate the Constitution." Id. at ¶ 11, *Page 10 
citing U.S. v. Wade (C.A.8, 2006), 435 F.3d 829, 832 (holding that the Eighth Circuit is required to follow the directive of the U.S. Supreme Court and presuming that the U.S. Supreme Court would not order a court to violate the Constitution).
 {¶ 24} Moreover, since our decision, every appellate court that has addressed this issue has found that Foster's remedy does not violate the constitution. See State v. Gibson, 10th Dist. No. 06AP-509,2006-Ohio-6899; State v. Grimes, 4th Dist. No. 04CA17, 2006-Ohio-6360;State v. Durbin, 2d Dist. No. 2005-CA-134, 2006-Ohio-5125; State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162; State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011; State v. Coleman, 6th Dist. No. S-06-023,2007-Ohio-448; State v. Mallette, 8th Dist. No. 87984, 2007-Ohio-715;State v. Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572. We agree with the reasoning espoused in these cases.
 {¶ 25} "Appellant essentially seeks the benefit of a state of law that never existed; he wants `a sentence that comports with theSixth Amendment requirements of Booker [and Foster], but wants to avoid the possibility of a higher sentence under the remedial holdings ofBooker [and Foster]'" (Alterations sic.) Paynter at ¶ 28, quotingUnited States v. Jamison (C.A.7, 2005), 416 F.3d 538, 539. However, "because criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding of Foster was not unexpected, Foster did not violate due process notions." Gibson at ¶ 16.
 {¶ 26} For the reasons enunciated above, Franco's second, third and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR V "[FRANCO] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AND HIS SIXTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION WERE VIOLATED[.]" *Page 11 
 {¶ 27} Franco argues that his trial counsel was ineffective for the following reasons: (1) he did not receive or review a defense investigator's report until "just days" before trial; (2) he did not sign any motions filed on his behalf by counsel; (3) defense counsel's actions resulted in his involuntary waiver of his speedy trial rights; (4) counsel did not assist him in his questioning of Judge Collier as to why he was again presiding over the case despite his earlier recusal; (5) no motion to discharge on the basis of speedy trial violations was filed until his third appointed attorney assumed his representation; (6) he had limited opportunity to converse with counsel to assess counsel's preparation for trial; and (7) he believed that he "essentially represented himself" at the hearing on his motion to withdraw his guilty plea. This Court disagrees.
 {¶ 28} This Court has stated:
 "[A] guilty plea represents a break in the chain of events that preceded it in the criminal process; thus, a defendant, who admits his guilt, waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea." State v. Gegia, 9th Dist. No. 21819, 2004-Ohio-2124, at ¶ 18, quoting State v. Doak, 7th Dist. Nos. 03 CO 15 03 CO 31, 2004-Ohio-1548, at ¶ 55.
This Court further recognized the Eleventh District's holding inState v. Wotring, 11th Dist. No. L-99-114, 2003-Ohio-326, at ¶ 22, that "[a] claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea to be involuntary." Gegia at ¶ 18.
 {¶ 29} In this case, Franco makes no argument that ineffective assistance of counsel caused him to enter his guilty plea in an unknowing, unintelligent or involuntary manner. Accordingly, Franco has waived his claim of ineffective assistance of counsel on appeal. His fifth assignment of error is overruled. *Page 12 
 ASSIGNMENT OF ERROR VI "THE TRIAL COURT IMPROPERLY DENIED [FRANCO'S] MOTION TO WITHDRAW THE PLEA IN THE CAPTIONED MATTER."
 {¶ 30} Franco argues that the trial court improperly denied his motion to withdraw his guilty plea because Judge Collier had no authority to determine the issue in the absence of an order stating justifiable reasons for transferring the case to himself. This Court disagrees.
 {¶ 31} Loc. R. 1.01 of the Medina County Court of Common Pleas Local Rules states in relevant part:
 "Each case shall be assigned to the docket of a specific judge as soon as it is filed and shall be retained on his/her docket until final disposition or reassignment by the Administrative Judge. * * * Nothing herein shall prevent the transfer of a case or cases from one judge to another for good cause with the concurrence of the Administrative Judge."
 {¶ 32} This case was originally assigned to Judge Collier. He recused himself on September 23, 2005, and the case was reassigned to Judge Kimbler. Judge Kimbler recused himself May 19, 2006, and ordered that the Administrative Judge reassign the case. Judge Collier was the Administrative Judge with the authority to reassign the case at that time.
 {¶ 33} Franco questioned Judge Collier regarding how he had reassumed authority over the case after he had earlier recused himself. Judge Collier explained that he had only recused himself because Franco had informed the authorities that another jail inmate had contacted him about the possibility of killing Judge Collier. Judge Collier explained that the other inmate was now in prison, that Franco had not been involved in any nefarious acts, that there was no conflict preventing him from continuing to hear the case, that Judge Kimbler was refusing to hear the matter, that there were no other judges in the Medina County Court of Common Pleas to whose docket the case might be reassigned, and that he, as Administrative Judge, agreed to the reassignment to his docket. *Page 13 
 {¶ 34} This Court agrees with the State's assertion that Franco did not ever object to Judge Collier's resumption of authority over his case. Rather, his questions reflected mere curiosity, not a challenge to the court's authority. Even assuming that his questions rose to the level of an objection, Judge Collier's resumption of authority comports with the requirements of Loc. R. 1.01 because the case was transferred to his docket with his concurrence as the Administrative Judge. Accordingly, Franco's argument that Judge Collier's order denying his motion to withdraw his guilty plea is improper and voidable on jurisdictional grounds is not well taken.
 {¶ 35} Franco further argues that the trial court improperly denied the motion to withdraw his guilty plea because he demonstrated that his trial counsel was ineffective and he had not knowingly, intelligently and voluntarily entered his plea. This Court disagrees.
 {¶ 36} Crim. R. 32.1, which governs motions to withdraw guilty pleas, states:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her guilty plea."
 {¶ 37} The decision to grant or deny a motion to withdraw a guilty plea lies within the
sound discretion of the trial court. State v. Smith (1977),49 Ohio St.2d 261, 264. The Smith court held:
 "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus.
An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore, 5 Ohio St.3d at 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral *Page 14 
delinquency." Pons, 66 Ohio St.3d at 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 38} In this case, Franco argues that his guilty plea was not knowingly, voluntarily and intelligently made because his trial counsel was ineffective. This Court agrees that "[a] guilty plea is not voluntary if it is the result of ineffective assistance of counsel."State v. Banks, 9th Dist. No. 01CA007958, 2002-Ohio-4858, at ¶ 16. TheSixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel. Id. We have further held:
 "[A] plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. As a result, to establish prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotations and citations omitted). State v. English (Mar. 8, 2000), 9th Dist. No. 99CA007408.
 {¶ 39} The Ohio Supreme Court has stated that an appellate court must look to the totality of the circumstances to determine whether a defendant entered his guilty plea in a voluntary, intelligent and knowing manner and whether he has shown a prejudicial effect.State v. Nero (1990), 56 Ohio St.3d 106, 108; see also State v.Buck, 9th Dist. No. 04CA008516, 2005-Ohio-2810, at ¶ 8. The Ohio Supreme Court has further held:
 "Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v. Piacella (1971), 27 Ohio St.2d 92, at syllabus.
 {¶ 40} A review of the record indicates that counsel was present at the time Franco entered his guilty plea. In fact, Franco was represented at the hearing by two attorneys, Messrs. Robert Campbell and Santiago Feliciano, Jr. The record demonstrates that the trial court *Page 15 
thoroughly explained the nature of the charges, the possible penalties, the nature of the various pleas Franco could enter, and Franco's rights. Franco asserted his understanding, his satisfaction with his representation by counsel, and that he wished to plead guilty. Franco further asserted that no one had threatened or promised him anything in exchange for his guilty plea. Furthermore, Franco was motivated to plead guilty by a desire to seek a lesser penalty or by fear of the consequences of a jury trial on all eleven charged counts. By pleading guilty to the four counts of unlawful sexual conduct with a minor and one count of abduction, he was no longer facing the charges of three counts of rape, three counts of sexual battery and one count of kidnapping.
 {¶ 41} Examining the totality of the circumstances, the record affirmatively discloses that Franco knowingly, intelligently and voluntarily entered his guilty plea. See Piacella at syllabus. Furthermore, he has not demonstrated that, but for ineffective counsel, he would not have entered a guilty plea to the charges. Accordingly, the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea. Franco's sixth assignment of error is overruled.
 ASSIGNMENT OF ERROR VII "THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR IN ITS FAILURE TO DISMISS THE CASE AS [FRANCO] WAS NOT AFFORDED HIS RIGHT TO SPEEDY TRIAL AS GRANTED BY [R.C.] 2945.71, ARTICLE ONE
SECTION 10 OF THE OHIO CONSTITUTION AND THE 6TH
AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION."
 {¶ 42} Franco argues that the trial court erred by denying his motion to discharge the case for violation of his speedy trial rights. This Court disagrees.
 {¶ 43} This Court has held that a "defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the *Page 16 
proceedings." Akron v. Hendon, 9th Dist. No. 22791, 2006-Ohio-1038, at ¶ 16, quoting Ross v. Common Pleas Court of Auglaize Cty. (1972),30 Ohio St.2d 323. This Court has previously determined that Franco was represented by competent counsel at the change of plea hearing and that he knowingly, intelligently and voluntarily entered his guilty plea. In addition, this Court has previously determined that Franco's challenge to the jurisdiction of the trial court was not well taken. Accordingly, Franco has waived his right to raise any speedy trial issue on appeal. Franco's seventh assignment of error is overruled.
 III. {¶ 44} Franco's assignments of error are overruled. His conviction and sentence out of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 17 
DONNA J. CARR FOR THE COURT
MOORE, J. DICKINSON, J. CONCUR
[1] On the record at the change of plea hearing, the trial court questioned why this fourth count of unlawful sexual conduct with a minor was not also charged pursuant to subsections (B)(3). The State indicated it should have been. The trial court inquired whether Franco had any objection to so amending the charge. Defense counsel asserted that there was no objection.
[2] This Court granted leave to Franco to file a delayed appeal.
[3] Post-Foster, this Court has addressed the same issue within the context of a misdemeanor sentencing, stating: "While it is preferable that the trial court state on the record that it has considered the statutory criteria, the statute imposes no requirement that it do so. Instead, in the case of a silent record, the presumption exists that the trial court has considered the statutory criteria absent an affirmative showing by Defendant that it did not." (Internal citations omitted).State v. Raby, 9th Dist. No. 05CA0034, 2006-Ohio-1314, at ¶ 9. *Page 1