[Cite as *State v. Havrilek*, 2020-Ohio-4969.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DAVID HAVRILEK

    Appellant

C.A. No.    29571

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2017-10-3741

DECISION AND JOURNAL ENTRY

Dated: October 21, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, David Havrilek, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} As a result of firing multiple shots at police officers, Havrilek was charged with four counts of attempted murder, four counts of felonious assault, eight attendant firearm specifications, having weapons under disability, and inducing panic. He requested competency and sanity evaluations, but the results of those evaluations indicated that he was sane and fit to stand trial. Following numerous pretrials, he pleaded guilty to two counts of attempted murder and two firearm specifications. His remaining counts and specifications were dismissed pursuant to the terms of his plea, and the parties agreed that his two firearm specifications would merge for sentencing. The court sentenced Havrilek to three years on his firearm specification and eight

years on each of his attempted murder counts, all of which it ran consecutively for a total of 19 years in prison. Havrilek then appealed from the court's judgment.

{¶3} On appeal, Havrilek's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw as counsel. Havrilek moved this Court for an extension of time to file a response, and this Court granted him his requested extension. The extension ultimately expired, however, without Havrilek filing a response. Accordingly, he has not proposed any non-frivolous issues for appellate review.

II.

{¶4} Upon the filing of an *Anders* brief, this Court conducts a full examination of the proceedings to decide whether the case is wholly frivolous. *Anders* at 744. One court has elaborated on the nature of a "frivolous" appeal for *Anders* purposes:

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether an appellant will ultimately prevail on that issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."

*State v. Moore*, 2d Dist. Greene No. 07-CA-97, 2009-Ohio-1416, ¶ 4, quoting *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. If this Court's independent review reveals that any issue presented is not wholly frivolous or that there are other arguable issues, we must appoint different appellate counsel to represent the appellant. *Pullen* at ¶ 2.

{¶5} As appointed counsel has noted, Havrilek pleaded guilty with the benefit of counsel and a full plea hearing at which the court reviewed his constitutional and non-constitutional rights. He also signed a written plea of guilt, outlining his rights and the terms of his plea. Havrilek indicated that he understood each of his rights, was satisfied with his counsel's performance, and wished to plead guilty. There is no indication in the record that his plea was not knowingly,

intelligently, and voluntarily entered. Accordingly, as appointed counsel has noted, his plea waived any trial court errors preceding it and any issues of ineffective assistance of counsel. *See State v. Franco*, 9th Dist. Medina No. 07CA0090-M, 2008-Ohio-4651, ¶ 28. Further, the record reflects that the trial court comported with the applicable sentencing statutes when fashioning Havrilek's sentence.

{¶6} Upon this Court's own full, independent examination of the record, we conclude that there are no appealable, non-frivolous issues in this case. *See State v. Kosturko*, 9th Dist. Summit No. 26676, 2013-Ohio-2670, ¶ 5; *State v. Randles*, 9th Dist. Summit No. 23857, 2008-Ohio-662, ¶ 6. Accordingly, we grant appellate counsel's motion to withdraw and affirm the judgment of the Summit County Court of Common Pleas.

III.

{¶7} Upon a full review of the record, we conclude that Havrilek's appeal is meritless and wholly frivolous pursuant to *Anders*. Appellate counsel's motion to withdraw as appellate counsel is hereby granted. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DONALD R. HICKS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. GUEST, Assistant Prosecuting Attorney, for Appellee.