[Cite as *State v. Rice*, 2012-Ohio-1474.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-187 |
| | ) | |
| RICHARD RICE, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 10CR621

JUDGMENT:      Affirmed

APPEARANCES:
For Plaintiff-Appellee      Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant      Attorney Robert Duffrin
7330 Market Street
Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: March 27, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Richard Rice, appeals from a Mahoning County Common Pleas Court judgment convicting him of attempted murder with a firearm specification and one count of improper handling of a firearm in a motor vehicle, following his guilty plea.

{¶2} A Mahoning County Grand Jury indicted appellant on July 15, 2010, on one count of attempted murder, a first-degree felony in violation of R.C. 2903.02(A)(D) and R.C. 2923.02(A), with a firearm specification; one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2)(D), with a firearm specification; one count of improperly handling a firearm in a motor vehicle, a fourth-degree felony in violation of R.C. 2923.16(B)(I)(2); and one count of having weapons while under disability, a third-degree felony in violation of R.C. 2923.12(A)(2)(B).

{¶3} Appellant initially entered a not guilty plea. But later, pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant withdrew his plea and entered a guilty plea to attempted murder with the firearm specification and to improper handling of a firearm in a motor vehicle. The state agreed to dismiss the remaining counts of the indictment. The trial court addressed appellant, accepted his guilty plea, and set the matter for sentencing.

{¶4} The trial court subsequently held a sentencing hearing where it sentenced appellant to eight years for attempted murder, three years for the firearm specification, and 12 months for improper handling of a firearm. It ordered appellant to serve these sentences consecutively for an aggregate sentence of 12 years.

{¶5} Appellant, acting pros se, filed a timely notice of appeal on December 16, 2010. The trial court appointed appellate counsel to represent him.

{¶6} Appellant's counsel filed a no merit brief and request to withdraw as counsel pursuant to *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (1970). In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous.

{¶7} The *Toney* procedure is as follows:

**{¶8}** "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

**{¶9}** "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

**{¶10}** "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

**{¶11}** " * * *

**{¶12}** "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at the syllabus.

**{¶13}** This court informed appellant that his counsel filed a *Toney* brief. Appellant did not file a pro se brief. Likewise, the state did not file a brief.

**{¶14}** Because appellant entered a guilty plea, our review is limited to examining appellant's plea hearing and his sentence.

**{¶15}** The first issue we must examine is whether appellant entered his plea knowingly, voluntarily, and intelligently.

**{¶16}** When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-03-65, 2005-Ohio-552, ¶8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R.

11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

**{¶17}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, 7th Dist. No. 03-MA-196, ¶12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

**{¶18}** The trial court strictly complied with Crim.R. 11(C)(2) in informing appellant of the constitutional rights he was waiving by entering a guilty plea. The court specifically informed appellant that he was waiving his right to a jury trial, his right to be proven guilty by proof beyond a reasonable doubt, the right to confront the witnesses against him, the right to compel witnesses on his behalf, and the right to remain silent. (Plea Tr. 5-6). Appellant stated that he understood that he was waiving all of these rights. (Plea Tr. 6).

**{¶19}** The court first informed appellant of all of his constitutional rights and then asked appellant if he understood that he was waiving them. While the better practice would be to inform appellant of each individual right and then ask if he understood it, it does not invalidate an otherwise valid plea to inform the defendant of his rights in the manner the court did in this case. *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981); *State v. Fisher*, 2d Dist. No. 23992, 2011-Ohio-629; *State v Compton*, 11th Dist. No. 97-L-010, 1998 WL 964542 (Dec. 31, 1998).

**{¶20}** A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez*, supra, ¶12, citing Crim.R. 11(C)(2)(a)(b).

**{¶21}** The trial court substantially complied with Crim.R. 11(C)(2) in informing appellant of his non-constitutional rights. The court informed appellant that if it accepted his plea, it could proceed immediately to sentencing. (Plea Tr. 8). The court further informed appellant that for attempted murder it could sentence him to anywhere from three to ten years, that it would sentence him to a three-year mandatory sentence on the firearm specification, and that for the improper handling it could sentence him to anywhere from six to 18 months. (Plea Tr. 10). It further informed him that he faced a total sentence of 14½ years. (Plea Tr. 10). And it informed appellant that it could fine him up to $5,000 for the improper handling and $20,000 for the attempted murder. (Plea Tr. 10). Appellant stated that he understood his possible sentence. (Plea Tr. 10). The court further informed appellant of the effect of his plea (Plea Tr. 5) and the nature of the charges against him (Plea Tr. 10, 17). The court also informed appellant that he was waiving the opportunity to challenge on appeal what would happen at a trial. (Plea Tr. 7). And it informed him about postrelease control. (Plea Tr. 12-14).

**{¶22}** In sum, there are no errors involving appellant's plea.

**{¶23}** The second issue we must examine is whether appellant's sentence is contrary to law and whether the trial court abused its discretion in sentencing him.

**{¶24}** Our review of felony sentences is now a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." *Id.* (O'Conner, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶¶13-14 (O'Conner, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. *Id.* at ¶17 (O'Conner, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶17 (O'Connor, J., plurality opinion).

{¶25} Appellant was convicted of a first-degree felony, with a firearm specification, and a fourth-degree felony. The applicable sentences for a first-degree felony are three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). The trial court sentenced him to eight years. The firearm specification carried with it a mandatory three-year sentence. R.C. 2941.14(B)(1)(a)(ii). The trial court sentenced appellant to the three mandatory years. The applicable sentences for a fourth-degree felony are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). The trial court sentenced him to 12 months. So appellant's sentences were within the applicable statutory ranges.

{¶26} Furthermore, the trial court stated in its sentencing judgment entry that it "considered the record, the statements of counsel and of Defendant, the presentence report, as well as the purposes and principles of sentencing under O.R.C. 2929.11[,]" that it "balanced the seriousness and recidivism factors under O.R.C. 2929.12[,]" and that it "followed the guidance by degree of felony in O.R.C. 2929.13."

{¶27} Thus, appellant's sentence is not contrary to law.

{¶28} Furthermore, the trial court did not abuse its discretion in sentencing appellant.

{¶29} Counsel states in his brief that appellant claimed his plea agreement was breached because the state had agreed to recommend six years but at sentencing it recommended 12 years.

{¶30} At appellant's plea hearing, the prosecutor stated on the record that the state would make an unspecified recommendation at sentencing. (Plea Tr. 3). Nowhere else in the record is there any indication of what sentence the state agreed to recommend. Thus, appellant's assertion that the state agreed to recommend six years is not supported by the record.

**{¶31}** Additionally, the court explained, and appellant understood, that regardless of the state's recommendation, appellant's sentence was up to the court. The following colloquy took place:

**{¶32}** "THE COURT: * * * The court understands that the parties are going to make a recommendation or the state is going to make a recommendation and you are going to make a different recommendation. So there is no deal on sentencing at this time. Do you understand that?

**{¶33}** "DEFENDANT RICE: Yes, sir.

**{¶34}** "THE COURT: The only thing I can tell you is when people step up to the plate and admit their wrongdoing, the court considers that the first step towards rehabilitation, and I will not sentence you to the maximum.

**{¶35}** "DEFENDANT RICE: Yes, sir." (Plea Tr. 10-11).

**{¶36}** Finally, appellant stated that he understood that regardless of any recommendations, his sentence was up to the court. (Plea Tr. 15).

**{¶37}** Additionally, in sentencing appellant the court took into consideration a statement by the victim's mother, a statement by appellant's counsel on his behalf, and a statement by appellant where he apologized to the victim and took responsibility for his actions.

**{¶38}** Hence, there is no indication on the record that the trial court abused its discretion in sentencing appellant. Moreover, the court specifically told appellant that because he accepted responsibility for his actions, it would not impose the maximum sentence. (Plea Tr. 11). The court adhered to its word by sentencing appellant to eight years for attempted murder, when the maximum possible sentence was ten years, and by sentencing appellant to 12 months for improper handling of a firearm, when the maximum possible sentence was 18 months. The trial court had no discretion in sentencing appellant on the firearm specification since the three-year term was mandatory.

**{¶39}** The final issue for us to examine is whether appellant's counsel was ineffective.

**{¶40}** To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Bradley*, 538 N.E.2d 373, paragraph two of the syllabus (1989). Second, appellant must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, paragraph three of the syllabus.

**{¶41}** Appellant bears the burden of proof on the issue of counsel's effectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In Ohio, a licensed attorney is presumed competent. *Id.*

**{¶42}** Counsel states in his brief that appellant believed his trial counsel was ineffective for failing to investigate alleged burglaries that may have provoked him to commit his crimes. But there is no evidence in the record to support this claim. And at the plea hearing appellant told the court that he was satisfied with the legal representation his trial counsel had provided. (Tr. 5). No errors on counsel's part are apparent. And nothing in the record demonstrates ineffectiveness of counsel.

**{¶43}** In sum, no meritorious appealable issues exist.

**{¶44}** For the reasons stated above, the trial court's judgment is hereby affirmed. Counsel's motion to withdraw is granted.

Vukovich, J., concurs.

DeGenaro, J., concurs.