[Cite as *State v. Schafer*, 2014-Ohio-5814.]

STATE OF OHIO )          IN THE COURT OF APPEALS
          )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

CITY OF AKRON                     C.A. No.     27194

          Appellee

          v.                     APPEAL FROM JUDGMENT
                                 ENTERED IN THE
DIANA SCHAFER                    AKRON MUNICIPAL COURT
                                 COUNTY OF SUMMIT, OHIO
          Appellant             CASE No.     12 CRB-10527

DECISION AND JOURNAL ENTRY

Dated: December 31, 2014

CARR, Judge.

{¶1}    Appellant, Diana Schafer (a.k.a. Diana Bland), appeals the judgment of the Akron Municipal Court.  This Court affirms in part and reverses in part.

I.

{¶2}    On September 26, 2012, Schafer was charged with ten counts of violating various housing code provisions set forth in Chapter 150 of the Akron Municipal Code.  Schafer initially pleaded not guilty to the charges in the complaint.  Thereafter, Schafer entered into a plea agreement with the City where she pleaded guilty to three housing code violations in exchange for the dismissal of the remaining seven counts.  The parties further agreed that a significant portion of the sentence would be suspended if Schafer addressed certain issues with her home.  With respect to the first count, the trial court imposed a $500 fine and 60 days in jail, with $400 of the fine and the entire jail sentence suspended on the condition that Schafer address specified issues on the interior and exterior of her property.  In regard to the two remaining counts, Schafer

received a fine of $500 and 60 days in jail for each count, but those penalties were suspended, and the charges would be dismissed, on the condition that she complied with the terms set forth with respect to count one. After imposing sentence, the trial court held the sentence in abeyance to provide an opportunity for Schafer to meet the various conditions.

{¶3} Almost a year later, after numerous continuances, the parties appeared for a status hearing on November 20, 2013. The trial judge found that Schafer had failed to make the necessary repairs despite the benefit of multiple continuances. Schafer received a fine of $1500. Instead of imposing jail time, the trial court placed Schafer on probation for six months and ordered her satisfy the previously established conditions during that time.

{¶4} On appeal, Schafer raises one assignment of error.

II.

### ASSIGNMENT OF ERROR

THE TRIAL [COURT] VIOLATED SCHAFER'S DUE PROCESS RIGHTS BY INCREASING HER SENTENCE BEYOND THAT EXPRESSED IN THE PLEA AGREEMENT, WHICH INDUCED HER PLEA.

{¶5} In her sole assignment of error, Schafer argues that the trial court increased her sentence beyond the terms expressed in the plea agreement. Specifically, Schafer contends that she was never put on notice that her sentence could be greater than a $100 fine. This Court disagrees.

{¶6} The Supreme Court of Ohio has recognized that the "[p]rinciples of contract law are generally applicable to the interpretation and enforcement of plea agreements." *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 50. "When either party to the plea bargain breaches the agreement, the non-breaching party 'is entitled to either rescission or specific performance of the plea agreement.'" *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-

Ohio-990, ¶ 29, quoting *State v. Bonner*, 4th Dist. Defiance No. 4-04-05, 4-04-06, 4-04-07, 2004-Ohio-6043, ¶ 16. "It is fundamental that the law will not reward a breaching party." *West* at ¶ 30, citing *Wooster v. Entertainment One, Inc.*, 158 Ohio App.3d 161, 2004-Ohio-3846, ¶ 66 (9th Dist.).

{¶7} A review of the record reveals that the trial court did not increase Schafer's sentence. As noted above, Schafer entered into a plea agreement where she pleaded guilty to three of the counts and the remaining seven charges were dismissed. The terms of the plea agreement were set forth at a hearing on November 27, 2012. Pursuant to the agreement, the trial court imposed a $500 fine and 60 days in jail with respect to count one, with $400 of the fine and the entire jail sentence suspended on the condition that Schafer obey all laws for one year, complete interior repairs to her house by February 1, 2013 with inspection and approval, and complete exterior repairs to the house by July 1, 2013 with inspection and approval. With respect to the second and third counts, Schafer received a fine of $500 and 60 days in jail for each count, but those penalties were suspended on the condition that she complied with the conditions set forth with respect to count one. While the trial court's November 27, 2012 journal entry conveyed the terms of the sentence, the trial court created some confusion at the hearing by stating at one point that the case would be dismissed if Schafer made the repairs to her properties by the specified deadlines. However, any possible issues that could have arisen from that misstatement do not come into play here because Schafer did not comply with the terms of the plea agreement. After accepting Schafer's guilty plea and imposing sentence on November 27, 2012, the trial court held the sentence in abeyance to provide Schafer an opportunity to satisfy the conditions.

{¶8} The trial court issued a journal entry on March 27, 2013, indicating that while Schafer had made progress on the interior of her home, there remained additional work to be done. The trial court then ordered that Schafer complete all interior and exterior repairs by July 1, 2013. When the parties appeared for a status conference on November 20, 2013, Schafer had yet to make the mandated repairs. At that time, Schafer received a total fine of $1500 and was placed on probation for six months, during which time she was ordered to satisfy the previously established conditions.

{¶9} Under these circumstances, Schafer cannot prevail on her argument that the trial court increased her sentence. Both at the November 27, 2012 hearing and in the sentencing entry journalized on the same day, Schafer was put on notice that she would receive a $500 fine and a 60-day jail term for each offense if she did not bring her property into compliance with the housing code. While the trial court held the sentence in abeyance in order to give Schafer adequate time to satisfy the stipulated conditions, there is no dispute that Schafer failed to bring her house up to code. As Schafer failed to satisfy the terms of the agreement, she was not entitled to the benefit of the imposition of a lesser sentence.

{¶10} Schafer's assignment of error is overruled.

{¶11} However, this Court has discovered that this matter must be remanded to correct an error in the January 9, 2014 judgment entry. Though the trial court stated at the November 20, 2013 hearing that Schafer would receive a $500 fine for each of the three offenses, the January 9, 2014 entry indicates that Schafer received a $1500 fine pursuant to count one. Section 150.99(D) of the Akron Codified Ordinances specifies that any person guilty of a housing code violation "shall be guilty of a misdemeanor of the third degree and shall be fined

not more than five hundred dollars * * *" for each violation. As the $1500 fine on count one is erroneous, we are compelled to remand this matter for the trial court to impose a lawful sentence.

### III.

**{¶12}** Schafer's sole assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed in part and reversed in part and the cause remanded for the trial court to impose a fine in accordance with the statutory limit.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

JOSEPH S. KODISH and CEDRIC COLVIN, Attorneys at Law, for Appellant.

CHERI B. CUNNINGHAM, Director of Law, and JOHN R. YORK, Assistant Director of Law, for Appellee.