[Cite as *State v. Lee*, 2018-Ohio-3418.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No.      16AP0060 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEONTA A. LEE | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No.     2015 CRC-I 000267 |

DECISION AND JOURNAL ENTRY

Dated: August 27, 2018

TEODOSIO, Presiding Judge.

{¶1}    Appellant, Deonta A. Lee, appeals from his murder conviction in the Wayne County Court of Common Pleas.  This Court affirms.

I.

{¶2}    The body of the victim in this case ("R.J.") was discovered in his apartment several days after his death with a single gunshot wound to the head.  Two weeks later, a warrant was issued for Mr. Lee's arrest.  When Mr. Lee was arrested, he explained to the police that the shooting was accidental.  He was indicted on two counts of murder as well as various other felonies and firearm specifications.  He ultimately pled guilty to one count of murder in exchange for the dismissal of the remaining charges and specifications.  The trial court sentenced him to an indefinite term of fifteen years to life in prison.  This Court later granted Mr. Lee's motion for leave to file a delayed appeal.

**{¶3}** Mr. Lee now appeals from his murder conviction. He raises three assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT COMMITTED REVERSABLE (SIC) AND PLAIN ERROR IN CONCLUDING THE GUILTY PLEA WAS MADE KNOWINGLY, VOLUTARILY (SIC), AND INTELLIGENTLY

**{¶4}** In his first assignment of error, Mr. Lee argues that the trial court committed plain error in accepting his guilty plea when it was not knowingly, intelligently, and voluntarily made. We disagree.

**{¶5}** "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4. "Crim.R. 11(C) prohibits a trial judge from accepting a guilty plea without first ensuring that the defendant is fully informed regarding his rights and that he understands the consequences of his plea." *Id.* Pursuant to Crim.R. 11(C)(2)(a), a trial court shall not accept a guilty plea to a felony offense without first addressing the defendant personally and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

**{¶6}** The Supreme Court of Ohio has urged trial courts to avoid committing error by literally complying with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 29. "If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's

constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *Id.* at ¶ 30. Crim.R. 11(C)(2)(a) addresses nonconstitutional rights, and trial courts must substantially comply with the Crim.R. 11 notification requirements for nonconstitutional rights. *Farnsworth* at ¶ 5; *Clark* at ¶ 31-32. To substantially comply with Crim.R. 11, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving[.]'" *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "A trial court fails to substantially comply with this rule when it gives a defendant inaccurate information about the maximum sentence that he is facing." *State v. Drake*, 9th Dist. Medina No. 16CA0056-M, 2017-Ohio-4027, ¶ 6. If substantial compliance is not achieved, a reviewing court must determine if the trial court partially complied or failed to comply with the rule. *Clark* at ¶ 32. A trial court's complete failure to comply with Crim.R. 11 requires the plea to be vacated, but if the court partially complied with the rule the defendant must demonstrate prejudice for the plea to be vacated. *Id.* "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108.

{¶7} Mr. Lee argues that the trial court erred by failing to advise him of all possible penalties and consequences of his guilty plea. He contends that the trial court incorrectly advised him of post-release control ("PRC") and then attempted to correct itself by explaining that parole—and not PRC—applied to his murder conviction. Mr. Lee further argues that the court never explicitly asked him if he understood parole as explained. He asserts that he was prejudiced because, had the errors not occurred, he "might not have entered a guilty plea."

{¶8} Mr. Lee pled guilty to one count of murder under R.C. 2903.02(A). Because murder is a special felony, he is not subject to PRC. *See State v. Watson*, 9th Dist. Summit No.

26777, 2014-Ohio-2373, ¶ 5. As to the possibility of parole, trial courts are not required to explain parole as part of the maximum possible penalty in a Crim.R. 11 plea colloquy because parole is not guaranteed to occur. *Clark* at ¶ 37. If a trial judge chooses to offer an expanded explanation of the law in a Crim.R. 11 plea colloquy, however, the information conveyed must be accurate. *Id.* at ¶ 39.

{¶9} At Mr. Lee's change of plea hearing, the trial court engaged him in a plea colloquy pursuant to Crim.R. 11. The court asked Mr. Lee if he understood that he was pleading guilty to purposely causing the death of R.J., and Mr. Lee said yes. The court asked him if he had been pressured or if any promises or threats had been made to get him to plead guilty, and Mr. Lee said no. The court asked, and Mr. Lee affirmed, that he was not presently under the influence of any substances. The court inquired if he went over the written plea of guilty form with his attorney and if he signed it, and Mr. Lee said yes to both questions. The court asked him if he understood that the mandatory sentence for murder was an indefinite term of fifteen years to life in prison, and Mr. Lee said yes.

{¶10} The court then asked Mr. Lee if he understood "the parole board would determine if you got out earlier than life * * * but you would have to serve at least fifteen years[,]" and Mr. Lee said yes. At this point, the trial court briefly mentioned what appears to be a hybrid version of both parole and PRC when it stated: "If you were to be granted a parole or an early release some time after fifteen years, you then would be subject to mandatory supervision by the parole authority for not less than five years * * *." *See Clark* at ¶ 13 (stating that combining the concepts of PRC and parole incorrectly creates a hybrid form of control that conflicts with the precise descriptions of PRC and parole.). The prosecutor immediately interjected and asked to approach the bench. After a brief discussion, the court resumed its plea colloquy with Mr. Lee

and stated its intent to clarify an issue regarding its previous explanation of parole to ensure Mr. Lee was getting the most accurate information. The court stated: "[Y]ou're going to be on, you'd be on parole and the conditions and the terms are up to the parole board * * *." Defense counsel confirmed that he explained parole to Mr. Lee, and the court continued:

> [I]f the parole board decided you should be paroled, you would then be on parole, not PRC, because PRC does not apply to a murder case, so, the parole board would set your conditions up, parole, they would set your term of parole; how long you're going to be on parole. If you violated parole, you could go back to prison, obviously, because you got that life term hanging over your head, but, ultimately, if you completed the conditions of parole, you'd be released, then, you'd be all done with your sentence, but, it's up to the parole board to determine if and when you get out and if you get out, the conditions of your parole and the length of your parole, but, it's not post[-]release control, it's parole, which is the old system, which still applies to murder charges.

The court then asked defense counsel if he had anything to add, and counsel stated: "Judge, that's the way I explained it to Mr. Lee, as well. He understands that, there's nothing I would add."

{¶11} A review of the record reveals that the trial court substantially complied with the Crim.R. 11(C)(2)(a) notification requirements regarding Mr. Lee's nonconstitutional rights. At the plea hearing, the trial court personally addressed Mr. Lee and asked a series of questions to determine if Mr. Lee's guilty plea was made voluntarily with an understanding of the nature of the charge and the maximum penalties involved, and Mr. Lee responded appropriately to the court's questions. Mr. Lee has not shown how the trial court's explanation of the nature of the charge or the maximum penalties was inaccurate. Although the trial court was not required to explain parole to Mr. Lee, the court chose to do so and was therefore tasked with providing accurate information. *See Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, at ¶ 39. The court misspoke briefly one time, but immediately corrected its mistake and provided a new explanation of parole. Mr. Lee has not directed us to any statement made by the trial court in its corrected

explanation of parole that was inaccurate. Furthermore, while we agree that a better practice would have been for the court to personally ask Mr. Lee if he understood the new, corrected explanation of parole—instead of simply asking defense counsel if he had anything to add—it does not invalidate the plea to proceed in the manner chosen by the trial court in this instance. *See State v. Rice*, 7th Dist. Mahoning No. 10-MA-187, 2012-Ohio-1474, ¶ 19, citing *State v. Ballard*, 66 Ohio St.2d 473 (1981). "Although the trial court may not relieve itself of the requirement of Crim. R. 11(C) by exacting comments or answers by defense counsel as to the defendant's knowledge of his rights, such a colloquy may be looked to in the totality of the matter." *Ballard* at 481.

{¶12} We conclude that the trial court substantially complied with the Crim.R. 11(C)(2)(a) notification requirements. When considering the totality of the circumstances and the record before us, we further conclude that Mr. Lee subjectively understood his nonconstitutional rights and the implications of his guilty plea. He then knowingly, intelligently, and voluntarily entered a guilty plea to the charge of murder. Even assuming arguendo that the trial court did not substantially comply with the Crim.R. 11(C)(2)(a) notification requirements, the court at the very least achieved partial compliance with the requirements, and Mr. Lee has failed to meet his burden of demonstrating any prejudice. *See Clark* at ¶ 32; *Nero*, 56 Ohio St.3d 106, at 108. He only states that but for the alleged errors he *might not have* pled guilty, which does not establish prejudice. *See State v. Rusu*, 9th Dist. Summit No. 25597, 2012-Ohio-2613, ¶ 9.

{¶13} Accordingly, Mr. Lee's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

BREACH OF THE PLEA BARGAIN WAS REVERSIBLE AND PLAIN ERROR THAT REQUIRES REVERSAL

{¶14} In his second assignment of error, Mr. Lee argues that the trial court committed plain error when it breached the plea agreement by stating at sentencing that it would write a letter to the parole board requesting the denial of parole. We disagree.

{¶15} "The Supreme Court of Ohio has recognized that the '[p]rinciples of contract law are generally applicable to the interpretation and enforcement of plea agreements.'" *City of Akron v. Schafer*, 9th Dist. Summit No. 27194, 2014-Ohio-5814, ¶ 6, quoting *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 50. When either party breaches the plea agreement, the non-breaching party is entitled to either rescission or specific performance of the plea agreement. *Id.*, citing *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 29.

{¶16} At Mr. Lee's sentencing hearing, the trial court imposed its sentence and then stated:

> The court will be on record with the parole board that he should not be granted parole at any time, but, definitely not in fifteen years, given his extensive criminal history and the cowardly act that he committed in this case. I will be writing a letter to the parole board within the next thirty days to make clear what the court's position is with regard to any type of parole in this case.

Mr. Lee claims the trial court erred by not informing him, prior to his plea, of its intent to write such a letter, which he contends changed the "practical effect" of the plea and "could easily result in continued parole denials." He claims that it is "highly probable" he would not have pled guilty had he known the trial court would oppose his release on parole.

{¶17} However, Mr. Lee misconstrues the nature of plea bargains, as such agreements are made between the prosecutor and the defendant, not the court and the defendant. *See Peninsula v. Darulis*, 9th Dist. Summit No. 15059, 1991 Ohio App. LEXIS 4731, *4 (Oct. 2, 1991). The trial court is not involved in plea negotiations until the bargain is presented to the

court in the form of a plea of guilty or no contest. *See id.* The court further has discretion in the decision of whether to implement a plea bargain. *See id.* at *5.

{¶18}  The record reflects that Mr. Lee agreed to plead guilty to one count of murder in exchange for an indefinite sentence of fifteen years to life in prison along with the dismissal of all other counts and specifications, which is exactly what he received.  We note that, notwithstanding its comments at sentencing, the trial court subsequently issued a journal entry plainly stating: "The court did not send a letter to the parole board as it said it would at sentencing."  Moreover, even if the trial court had in fact written and sent a letter to the parole board requesting the denial of parole, persuasive authority exists from federal circuit courts that have addressed similar challenges to parole denial recommendation letters and rejected them accordingly.  *See United States ex rel. Robinson v. Israel*, 603 F.2d 635, 638 (7th Cir.1979) (stating that a pen letter sent to the parole board after sentencing is simply a collateral—and not direct—consequence of the plea, and holding that a trial court's failure to advise the defendant of such a collateral consequence does not invalidate an otherwise valid plea.).  *See also United States v. Clark*, 781 F.2d 730 (9th Cir.1986).  Finally, we decline to address Mr. Lee's additional argument raised in his reply brief that, even in the absence of this theoretical recommendation letter, the parole board will nonetheless use the sentencing transcript as some type of quasi recommendation from the trial court to deny parole.  "'[A] party may not raise new * * * issues for consideration in his reply brief; rather, the reply brief is merely an opportunity to reply to the brief of the appellee.'"  *State v. Osborne*, 9th Dist. Lorain No. 15CA010727, 2017-Ohio-785, ¶ 8, quoting *State v. Caldwell*, 9th Dist. Summit No. 26306, 2013-Ohio-1417, ¶ 9.

{¶19}  Accordingly, Mr. Lee's second assignment of error is overruled.

**ASSIGNMENT OF ERROR THREE**

MR. LEE WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL RENDERING HIS CONVICTION VOID UNDER THE OHIO AND FEDERAL CONSTITUTIONS.

**{¶20}** In his third assignment of error, Mr. Lee argues that he received ineffective assistance of counsel because defense counsel never objected to (1) the guilty plea as not being made knowingly, and (2) the trial court's breach of the plea agreement. We disagree with both propositions.

**{¶21}** "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, one must establish that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Prejudice can be shown by proving "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. "[T]he Court need not address both *Strickland* prongs if an appellant fails to prove either one." *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

**{¶22}** In our above analyses of Mr. Lee's first and second assignments of error, we concluded that the trial court substantially complied with the Crim.R. 11(C)(2)(a) notification requirements, Mr. Lee's guilty plea was made knowingly, intelligently, and voluntarily, and the trial court was not a party to the plea negotiations and therefore could not have breached any purported plea agreement. Consequently, we cannot conclude that Mr. Lee's trial counsel was ineffective for failing to object on those bases. *See State v. Gordon*, 9th Dist. Summit No.

28191, 2017-Ohio-5796, ¶ 63. As Mr. Lee has not demonstrated deficient performance by counsel or any resulting prejudice here, his claim of ineffective assistance of counsel must fail. *See Strickland* at 687.

{¶23} Mr. Lee's third assignment of error is overruled.

### III.

{¶24} Mr. Lee's first, second, and third assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.