[Cite as *State v. Jackson*, 2024-Ohio-2048.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    30607 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KAVON JACKSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR-2021-09-3273 |

DECISION AND JOURNAL ENTRY

Dated: May 29, 2024

STEVENSON, Presiding Judge.

{¶1}    Defendant-Appellant, Kavon Jackson, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    Mr. Jackson was seventeen years old when he was charged with the following crimes in juvenile court: aggravated murder with a firearm specification, felonious assault with a firearm specification, carrying a concealed weapon, obstructing official business, and misconduct involving public transportation.  The juvenile court conducted a probable cause hearing and found probable cause to support the aggravated murder and felonious assault counts.  Due to Mr. Jackson's age and the nature of his offenses, the juvenile court transferred his case to the common pleas court.

{¶3}    Following Mr. Jackson's bindover, a grand jury issued an indictment for aggravated murder with a firearm specification, murder with a firearm specification, felony murder with a

firearm specification, felonious assault with a firearm specification, and carrying a concealed weapon. Mr. Jackson moved to dismiss any charges that had not been explicitly bound over from juvenile court based upon a finding of probable cause. Relevant to this appeal, he moved to dismiss the firearm specifications linked to his counts of aggravated murder and felonious assault. The State filed a brief in opposition and requested a hearing.

{¶4}    At the motion hearing, the State informed the trial court that it had reviewed the transcript from the probable cause hearing. According to the State, the transcript clearly showed that the juvenile court had made a probable cause finding regarding Mr. Jackson's use of a firearm during the commission of his offenses for aggravated murder and felonious assault. The State indicated that it had asked the juvenile court to issue a nunc pro tunc entry to address its probable cause determination. The trial court agreed to defer its ruling on those two specifications until that entry could be filed. As to the remaining counts, the court granted Mr. Jackson's motion to dismiss the charges of murder with a firearm specification, felony murder with a firearm specification, and carrying a concealed weapon.

{¶5}    After the State provided the trial court with a nunc pro tunc entry from the juvenile court, the trial court held another hearing. Mr. Jackson contested the validity of the juvenile court's entry, but the trial court rejected his argument. The court declined to dismiss the firearm specifications linked to the charges of aggravated murder and felonious assault. The court set the matter for trial.

{¶6}    Mr. Jackson subsequently entered into a plea agreement with the State. He agreed to plead guilty to an amended count of murder with a firearm specification. In return, the State agreed to dismiss his remaining count of felonious assault with a firearm specification. The trial court accepted the plea and sentenced Mr. Jackson to a total of eighteen years to life in prison.

{¶7} Mr. Jackson now appeals from the trial court's judgment and raises two assignments of error for review.

II.

**ASSIGNMENT OF ERROR ONE**

[MR. JACKSON'S] STATUTORY AND CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN HE WAS CONVICTED ON A CHARGE THAT WAS NEVER PROPERLY TRANSFERRED TO THE [SUMMIT] COUNTY COURT OF COMMON PLEAS. FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION; R.C. 2152.12; R.C. 2152.022(A-1).

{¶8} In his first assignment of error, Mr. Jackson argues his statutory and constitutional rights were violated when he was convicted of a three-year firearm specification. He claims the common pleas court lacked subject matter jurisdiction over that specification because it was never properly transferred from the juvenile court based on a finding of probable cause. We do not agree.

{¶9} "[S]ubject matter jurisdiction cannot be waived and may be raised at any time* * *." *Falah v. Falah*, 9th Dist. Medina No. 15CA0039-M, 2017-Ohio-1087, ¶ 15. "Generally, issues related to subject matter jurisdiction are reviewed de novo." *Weber v. Devanney*, 9th Dist. Summit Nos. 28876, 28938, 2018-Ohio-4012, ¶ 11. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶10} "A person who was a juvenile when he committed a felony offense may be bound over to adult court for acts for which the juvenile court found probable cause * * *." *State v. Williams*, Slip Opinion No. 2024-Ohio-1433, ¶ 19. The adult court then may "hear and determine the case in the same manner as if the case originally had been commenced in that court * * *." Former R.C. 2151.23(H).

{¶11} Mr. Jackson's argument is predicated upon the assumption that the juvenile court did not bind over the firearm specifications linked to his charges of aggravated murder and felonious assault. He argues that the lack of a specific probable cause determination on those specifications resulted in a jurisdictional defect. He dedicates much of his argument to legislative analysis and urges this Court to take notice of statutory changes that were not yet in effect at the time of his bindover proceeding. Upon review, we need not address those arguments.

{¶12} Mr. Jackson's complaint for aggravated murder in the juvenile court included a firearm specification. Likewise, his complaint for felonious assault included a firearm specification. The juvenile court labeled the aggravated murder count as count one and the felonious assault count as count two. In setting forth its probable cause determination and ordering a transfer to the common pleas court, the juvenile court wrote the following:

> The Court finds probable cause for Counts 1 and 2. The balance of the charges are misdemeanors and will be transferred to the General Division with the felonies. Due to the nature of the offense and the fact that [Mr. Jackson] was 17 years old at the time of the alleged offense, transfer to the General Division is mandatory.

The juvenile court later issued another judgment entry at the request of the State. That second entry followed Mr. Jackson's motion to dismiss his firearm specifications in the common pleas court. In its second entry, the juvenile court wrote:

> Upon Motion of the State of Ohio, the Court hereby clarifies its [bindover] Order * * * to indicate that the Court made a finding of probable cause on both charges as set forth in the complaints. Those complaints included a firearm specification [alleging] that the youth [] had a firearm on or about his person or under his control at the time of the offense and/or that he brandished or used the firearm in the commission of the offense and a second specification that alleged that he had a firearm on or about his person or under his control at the time of the alleged offense.

Thus, the juvenile court clarified that the firearm specifications were included in its probable cause determination when it bound over counts one and two.

{¶13} Mr. Jackson argues the juvenile court's second entry is invalid because it exceeded the scope of a nunc pro tunc entry. He also argues the State should not be allowed to rely on the second entry because, when the State initially responded to his motion to dismiss, it conceded that the juvenile court's bindover entry did not address the firearm specifications at issue. Even setting aside the second entry, however, we cannot conclude that the common pleas court lacked jurisdiction over the firearm specifications.

{¶14} The juvenile court's bindover entry included a probable cause finding on counts 1 and 2 of Mr. Jackson's complaint. Both of those counts included a firearm specification. Had the juvenile court wished to transfer the aggravated murder and felonious assault charges without their attendant firearm specifications, it easily could have done so. The juvenile court never indicated that its probable cause ruling was limited to the aggravated murder and felonious assault charges. Nor did it find that the specifications were not supported by probable cause. *Compare State v. Smith*, 167 Ohio St.3d 423, 2022-Ohio-274, ¶ 10, 43 (concluding that adult court lacked jurisdiction over firearm specifications when the juvenile court had specifically found they were not supported by probable cause). Upon review, Mr. Jackson has not shown that the juvenile court failed to bindover his firearm specifications such that the common pleas court lacked jurisdiction over those specifications. His first assignment of error is overruled.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ACCEPTED AN UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY GUILTY PLEA, IN VIOLATION OF CRIM.R. 11(C); THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶15} In his second assignment of error, Mr. Jackson argues the trial court erred when it accepted his guilty plea. He claims he did not knowingly, intelligently, and voluntarily enter his

plea because the trial court failed to properly advise him of the maximum penalty he might receive. We do not agree.

{¶16} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "[T]he right to be informed of the maximum penalty for a crime is a nonconstitutional right * * *." *State v. Callaghan*, 9th Dist. Summit No. 29431, 2021-Ohio-1047, ¶ 8. *See also* Crim.R. 11(C)(2)(a). "[T]rial courts must substantially comply with the Crim.R. 11 notification requirements for nonconstitutional rights." *State v. Lee*, 9th Dist. Wayne No. 16AP0060, 2018-Ohio-3418, ¶ 6. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶17} Mr. Jackson signed a written plea of guilt along with his attorney. The written agreement provided that the maximum stated prison term for his murder charge was fifteen years to life and the maximum stated prison term for his firearm specification was three years. The written agreement also provided that "[n]o promises have been made except as part of this plea agreement stated entirely as follows: sentence of 18 to life[.]"

{¶18} At the plea hearing, the prosecutor indicated that the State anticipated Mr. Jackson would be receiving a sentence of eighteen years to life in prison. The trial court then addressed Mr. Jackson, and the following exchange took place:

> THE COURT: As amended, Count 1 would read on or about the 18th day of May, 2021 in Summit County, you did commit the crime of murder, an unclassified felony, which carries a minimum of 15 to a maximum of life incarceration in the Ohio Department of Corrections; do you understand?
>
> [MR. JACKSON]: Yes, ma'am.

THE COURT: Specification One to Count 1 is the firearm specification in that you did have under your control while committing the offense, displayed the firearm, brandished it, indicated you possessed it, or used it to facilitate the offense.

As that specification indicates, it's a three-year firearm specification which means the three years are mandatory and must be served consecutive and prior to the 15-to-life on the murder; do you understand?

[MR. JACKSON]: Yes, ma'am.

THE COURT: So the total sentence would be 18-to-life and those first three would be the mandatory firearm specification; do you understand?

[MR. JACKSON]: Yes, ma'am.

THE COURT: Furthermore, *upon your release from the penitentiary after you serve the minimum of the three years on the gun spec and 15 years on the murder*, the decision on whether or not to parole will be left completely up to the Ohio parole board; do you understand that?

[MR. JACKSON]: Yes, ma'am.

(Emphasis added.) The trial court later asked Mr. Jackson whether he had any questions about the potential penalties he faced, and Mr. Jackson stated that he did not. The trial court then accepted his guilty plea.

{¶19} Mr. Jackson argues his plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to substantially comply with Crim.R. 11 when informing him of the maximum penalty he faced. According to Mr. Jackson, the trial court never made it clear that he was facing a potential lifetime of incarceration. He claims that, when the trial court used the language italicized above, it conveyed the message that he was guaranteed release from prison in 18 years. Because the court failed to differentiate between a lifetime of monitoring under parole and a lifetime in prison, Mr. Jackson argues, he did not subjectively understand the implications of his plea.

{¶20} Having reviewed the record, we cannot conclude that the trial court failed to substantially comply with Crim.R. 11 when informing Mr. Jackson of the maximum penalty he

faced. Although the court used the language "upon your release[,]" that portion of its statement cannot be taken out of context. The court specifically told Mr. Jackson that the parole board would decide whether he received parole. If his parole was guaranteed, there would be no reason for the parole board to decide his parole eligibility. Moreover, the court told Mr. Jackson his aggravated murder charge carried a maximum penalty of life in prison, his three-year firearm sentence would be served before his fifteen-year-to-life murder sentence, and his total sentence would be eighteen years to life. Mr. Jackson indicated that he understood his sentence and did not have any questions about the potential penalties he faced. Further, the court's explanation was consistent with the written plea of guilt Mr. Jackson signed, indicating his sentence would be eighteen years to life in prison. Mr. Jackson has not shown that he did not knowingly, intelligently, and voluntarily enter his plea. Accordingly, his second assignment of error is overruled.

### III.

**{¶21}** Mr. Jackson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

VICTORIA FERRY, Assistant State Public Defender, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.