[Cite as *State v. Phillips*, 2016-Ohio-8094.]

STATE OF OHIO        )         IN THE COURT OF APPEALS
                      )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

STATE OF OHIO                     C.A. No.     15CA010883

    Appellee

    v.                          APPEAL FROM JUDGMENT
                                   ENTERED IN THE
BRADY PHILLIPS                COURT OF COMMON PLEAS
                                   COUNTY OF LORAIN, OHIO
    Appellant              CASE No.    10CR079807

DECISION AND JOURNAL ENTRY

Dated: December 12, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Brady Phillips, appeals the judgment of the Lorain County Court of Common Pleas denying his motion to order specific performance. For the following reasons, we affirm.

I.

{¶2} The Lorain County Grand Jury indicted Phillips on two counts of murder and numerous other criminal offenses. Subsequently, a supplemental indictment was filed charging Phillips with several additional offenses. He entered a plea of not guilty to all charges and the matter proceeded through the pretrial process. During this process, Phillips expressed a willingness to offer additional information on the underlying case, as well as information on an unrelated unsolved murder, in exchange for a lesser sentence. A number of recorded discussions took place between Phillips and the State regarding the exchange of evidence and the parties

informed the trial court that such discussions were taking place. Although information was exchanged, negotiations between Phillips and the State deteriorated.

{¶3} Subsequently, Phillips filed a motion to order specific performance of two separate plea agreements. Following a hearing, the trial court issued a journal entry, finding both of the alleged plea agreements were enforceable contracts, but that Phillips had not fully performed on either agreement. The trial court recognized Phillips could still complete his performance on the second matter and stated it would enforce that plea agreement if he did so.

{¶4} Prior to changing his plea pursuant to the negotiated plea agreement, Phillips filed a notice of appeal alleging the trial court erred in refusing to order specific performance of the plea agreements. This Court, however, dismissed the attempted appeal for lack of a final, appealable order. *See State v. Phillips*, 9th Dist. Lorain No.14CA010564, 2015-Ohio-2192. On remand, Phillips entered a guilty plea to an amended indictment and was sentenced to fourteen years in prison with credit for time served.

{¶5} Phillips filed this timely appeal, alleging two assignments of error for our review. As both assignments of error implicate similar issues, we elect to address them together.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE DEFENDANT, BRADY PHILLIPS, WAS NOT ENTITLED TO SPECIFIC PERFORMANCE WITH REGARD TO THE TWO (2) COOPERATION AGREEMENTS ENTERED INTO WITH THE STATE OF OHIO.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE DEFENDANT, BRADY PHILLIPS, WAS NOT ENTITLED TO SPECIFIC PERFORMANCE WITH REGARD TO THE TWO (2) COOPERATION AGREEMENTS ENTERED INTO WITH THE STATE OF

OHIO SINCE THE STATE WAS JUDICIALLY AND EQUITABLY ESTOPPED FROM ASSERTING THAT THE DEFENDANT FAILED TO PERFORM ALL OF HIS OBLIGATIONS UNDER THE TERMS OF THE COOPERATION AGREEMENTS.

{¶6} In his first assignment of error, Phillips argues the trial court abused its discretion in finding he was not entitled to specific performance of the six-year plea agreement. In his second assignment of error, Phillips maintains the doctrines of judicial estoppel and equitable estoppel prevented the State from arguing that he failed to perform all of his obligations under the agreement and that the trial court erred and abused its discretion in finding Phillips was not entitled to specific performance. However, we do not reach the merits of Phillips's arguments because Phillips has waived the right to challenge the trial court's ruling on his motion.

{¶7} As a threshold matter, the State challenged Phillips's ability to bring this appeal because "a defendant, who admits guilt, waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea." *State v. Franco*, 9th Dist. Medina No. 07CA0090-M, 2008-Ohio-4651, ¶ 28, quoting *State v. Gegia*, 57 Ohio App.3d 112, 2004-Ohio-2124, ¶ 18 (9th Dist.), quoting *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶ 55. In response to this argument, Phillips contends that all of the cases cited by the State are in specific reference to an appellant's assertion that he should be able to withdraw his guilty plea due to ineffective assistance of counsel and do not apply in this situation. Specifically, Phillips argues that he is not seeking to withdraw his guilty plea, but rather asking this Court to find the trial court's decision to partially deny his motion for specific performance was an abuse of discretion and to order the trial court to resentence him. Thus, Phillips maintains that the State's reliance on this line of case law is misplaced.

{¶8}    Citing *State v. Padilla*, 8th Dist. Cuyahoga No. 98187, 2012-Ohio-5892, Phillips contends that although his case is unusual, "it is not the first time an Ohio appellate court has addressed the issue of a breach of a plea agreement preceding the entrance of a guilty plea on a subsequent plea agreement." In *Padilla*, the appellant was initially scheduled to enter a guilty plea as part of a proposed agreement with the state. However, before the change of plea hearing, the state withdrew the offer when a police officer did not approve. *Id.* at ¶ 4. After the withdrawal, the trial court gave the parties additional time to reach an agreement or to go to trial. *Id.* The details of the proposed plea agreement were not contained in the record, nor were they in writing. *Id.* at 11. On appeal, the defendant argued that the trial court erred in failing to enforce the proposed plea agreement because the state had impermissibly withdrawn the plea offer after he had accepted it. *Id.* at ¶ 1, ¶ 8. The *Padilla* court concluded that the trial court had implicitly rejected the plea agreement by giving the parties additional time to reach an agreement or go to trial and based on the underlying facts, it was not an abuse of discretion to do so. *Id.* at ¶ 15. The parties eventually reached a second plea agreement and the defendant entered a guilty plea to an amended indictment. *Id.* at ¶ 6. The *Padilla* court ultimately concluded that any agreement was wholly executory and that the appellant had not shown it was an abuse of discretion for the trial court to not order the specific performance of a proposed agreement when the terms of the agreement were not clearly set forth. *Id.* at ¶ 19.

{¶9}    Although we agree with Phillips that the *Padilla* court addressed the issue of an alleged breach of a plea agreement preceding a guilty plea pursuant to a subsequent plea agreement, *Padilla* did not address the specific assertion of the State in this case that a defendant who enters a voluntary guilty plea to a subsequent plea agreement has waived his right to challenge the propriety of a trial court's ruling that he was not entitled to specific performance of

a prior plea agreement. *See id.* While Phillips is correct in stating that the cases cited by the State consider the specific issue of an alleged ineffective assistance of counsel, Ohio appellate courts have not limited the waiver effect of a guilty plea to circumstances where an appellant is seeking to withdraw a guilty plea due to ineffective assistance of counsel. *See State v. Spates*, 64 Ohio St.3d 269, 271 (1992) (a plea of guilty waives a defendant's right to challenge the denial of his right to counsel at the preliminary hearing); *Montpelier v. Greeno*, 25 Ohio St.3d 170, 170 (1986) (a plea of guilty waives a defendant's right to challenge the denial of his right to a speedy trial); *State v. King*, 8th Dist. Cuyahoga No. 91909, 2009-Ohio-4551, ¶ 34 (a plea of guilty waived a defendant's argument that certain counts should have been merged); *State v. McQueeney*, 12th Dist. Warren No. CA95-06-065, 2002-Ohio-3731, ¶ 13 (a plea of guilty waives a defendant's right to challenge a trial court's suppression ruling). Additionally, the Supreme Court of Ohio has explicitly held that a guilty plea precludes a defendant from raising issues pertaining to a trial court's disposition of pretrial motions which neither implicate the trial court's jurisdiction nor the constitutionality of the statutes at issue. *State v. Fitzpatrick*, 102 Ohio St.3d 321, ¶ 77-79 (2004).

{¶10} Accordingly, we conclude that Phillips has waived the right to challenge the propriety of any action taken by the trial court prior to entering his guilty plea unless it affected the knowing and voluntary nature of his plea. *See Franco*, 2008-Ohio-4651 at ¶ 28. In this case, Phillips raises no argument that he did not enter his guilty plea knowingly, intelligently, or voluntarily and we decline to do so on his behalf. *See* App.R. 16(A)(7).

{¶11} Therefore, we overrule both of Phillips's assignments of error.

III.

**{¶12}** Phillip's two assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———————————————
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
<u>CONCUR.</u>

APPEARANCES:

BRIAN J. DARLING, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.