[Cite as *State v. Henderson*, 2019-Ohio-1081.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29090 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JARVELL HENDERSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2018-01-0210 |

DECISION AND JOURNAL ENTRY

Dated: March 27, 2019

TEODOSIO, Presiding Judge.

{¶1} Appellant, Jarvell Henderson, appeals the judgment of the Summit County Court of Common Pleas denying his motion for specific enforcement of a plea agreement. This Court affirms.

I.

{¶2} On the day after Christmas in 2017, Mr. Henderson shot and killed a convenience store customer during his armed robbery of the store. A few hours earlier, he had fired at another person multiple times at a gas station, although the victim was not hit. Both incidents were captured on video. He was indicted for aggravated murder with firearm and repeat violent offender specifications, along with a litany of other serious felonies.

{¶3} In May of 2018, the prosecutor texted defense counsel a plea offer that read, "Murder 15 to life. Plus gun spec, Agg robbery, and felonious with gun spec for second Vic. PSI

or 25 to life." Defense counsel later informed the prosecutor that Mr. Henderson accepted the plea offer, and a change of plea hearing was set.

{¶4} Prior to that hearing, Mr. Henderson filed a motion for specific enforcement of the plea agreement and argued that "the prosecutor informed [d]efense counsel that the plea offer changed and the prosecutor now wanted a sentence of 35 years to life." In its response, the State argued that while the parties discussed different offers during plea negotiations, "no plea was ever entered into on the record and accepted by the [c]ourt." The prosecutor had further researched Mr. Henderson's prior criminal record and the circumstances surrounding the case, then decided to revise her plea offer "to reflect the gravity of [Mr. Henderson's] crimes." The trial court denied Mr. Henderson's motion and confirmed his trial date.

{¶5} Prior to trial, Mr. Henderson pled guilty to an amended count of murder, one count of aggravated robbery, and one count of felonious assault, all with attendant firearm specifications. The trial court accepted his guilty pleas as knowingly, intelligently, and voluntarily made, found him guilty, and dismissed the remaining counts and specifications. The court sentenced him to an aggregate total of 35 years to life in prison.

{¶6} Mr. Henderson now appeals the trial court's judgment denying his motion for specific enforcement of a plea agreement. He raises two assignments of error for this Court's review. Mr. Henderson also filed a notice of supplemental authority pursuant to Loc.R. 8(E) for this Court's consideration.

{¶7} For ease of analysis, we will consolidate Mr. Henderson's assignments of error.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ERRED BY NOT SPECIFICALLY ENFORCING THE
PLEA AGREEMENT BETWEEN THE GOVERNMENT AND JARVELL.

## ASSIGNMENT OF ERROR TWO

JARVELL'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY ENTERED INTO[.]

{¶8}    In his first assignment of error, Mr. Henderson argues that the trial court erred in denying his pretrial motion and not specifically enforcing the plea agreement.  In his second assignment of error, he argues that his guilty pleas were not made knowingly, intelligently, or voluntarily because the State coerced him to plead guilty and the trial court interfered with plea negotiations.  We disagree with both propositions.

{¶9}    "'Plea agreements are an essential and necessary part of the administration of justice.'"  *State v. Billingsley*, 133 Ohio St.3d 277, 2012-Ohio-4307, ¶ 24, quoting *State v. Carpenter*, 68 Ohio St.3d 59, 61 (1993).  "The Supreme Court of Ohio has recognized that the '[p]rinciples of contract law are generally applicable to the interpretation and enforcement of plea agreements.'"  *Akron v. Schafer*, 9th Dist. Summit No. 27194, 2014-Ohio-5814, ¶ 6, quoting *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 50.  When either party breaches the plea agreement, the non-breaching party is entitled to either rescission or specific performance of the plea agreement.  *Id.*, citing *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 29.  "In felony cases, when a defendant offers a negotiated plea of guilty, 'the underlying agreement upon which the plea is based shall be stated on the record in open court.'"  *Billingsley* at ¶ 25, quoting Crim.R. 11(F).  The trial court has discretion in the decision of whether to implement a plea bargain.  *Peninsula v. Darulis*, 9th Dist. Summit No. 15059, 1991 WL 199923, *1 (Oct. 2, 1991).

{¶10}  As a preliminary matter, and because Mr. Henderson ultimately pled guilty in this case, we must first address his ability to challenge the trial court's denial of his pretrial motion.

*See State v. Phillips*, 9th Dist. Lorain No. 15CA010883, 2016-Ohio-8094, ¶ 7. "'[A] defendant, who admits guilt, waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea.'" *Id.*, quoting *State v. Franco*, 9th Dist. Medina No. 07CA0090-M, 2008-Ohio-4651, ¶ 28, quoting *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 18 (9th Dist.), quoting *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15 and 03 CO 31, 2004-Ohio-1548, ¶ 55. "Waiver is the intentional relinquishment or abandonment of a right * * *." *State v. Dodson*, 9th Dist. Medina No. 16CA0020-M, 2017-Ohio-350, ¶ 9. Moreover, "the Supreme Court of Ohio has explicitly held that a guilty plea precludes a defendant from raising issues pertaining to a trial court's disposition of pretrial motions which neither implicate the trial court's jurisdiction nor the constitutionality of the statutes at issue." *Phillips* at ¶ 9, citing *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 77-79. Thus, as this Court previously determined in *Phillips*, we conclude that Mr. Henderson has waived the right to challenge the propriety of any action taken by the trial court prior to entering his guilty plea *unless* it affected the knowing and voluntary nature of his plea. *See id.* at ¶ 10.

{¶11} As to the knowing and voluntary nature of his plea, Mr. Henderson first argues that because the State made an initial plea offer and then "reneged" after he accepted it, the State effectively coerced him into accepting a subsequent, less favorable offer. We first note that the transcript of Mr. Henderson's plea hearing refutes any claim that the State coerced him into pleading guilty, and instead reveals that his guilty pleas were made voluntarily. *See Akron v. Hendon*, 9th Dist. Summit No. 22791, 2006-Ohio-1038, ¶ 5 ("When a defendant claims he was coerced into entering a guilty plea, conclusory allegations * * * are insufficient to rebut a record

which shows the plea was voluntary."). During the trial court's Crim.R. 11 plea colloquy with Mr. Henderson, the following questions were asked and answered:

> THE COURT: Has anyone threatened you or forced you to enter a plea of guilty today?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone promised you anything other than what you've heard today regarding the plea negotiations?
>
> THE DEFENDANT: No.

Furthermore, because Mr. Henderson fails to develop any meaningful argument in support of his conclusory allegation of coercion, we find no merit in it. *See also* App.R. 16(A)(7) ("The appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant * * * and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.").

{¶12} Mr. Henderson also argues that the trial court interfered with the parties' plea negotiations by denying his pretrial motion for specific enforcement of the plea agreement. He relies on the Supreme Court of Ohio's holding in *State v. Byrd*, 63 Ohio St.2d 288, 293-294 (1980):

> [A] trial judge's participation in the plea bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the defendant's guilty plea. Ordinarily, if the judge's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial, the plea should be held to be involuntary and void under the Fifth Amendment and [Article I, Section 10] of the Ohio Constitution.

However, Mr. Henderson's reliance on *Byrd* is misplaced, as he is only challenging the trial court's denial of a pretrial motion, not any active intervention by the court in the parties' plea negotiations. *See Hendon* at ¶ 12-13 (distinguishing the fact pattern in *Byrd*, where the trial court

"engaged extensively in plea negotiations[,] * * * contacted the defendant's relatives and encouraged them to persuade him to plead guilty, spoke with the defendant in chambers without his attorney present, and indicated that Byrd would be in for a long trial if [he] chose to plead not guilty"). Mr. Henderson again fails to develop any meaningful argument here or cite to any authority directly supporting his speculative claim that the mere denial of a pretrial motion amounts to active interference with plea negotiations by the trial court, and we therefore find no merit in it. *See* App.R. 16(A)(7). He directs us to nothing in the record demonstrating that the denial of his pretrial motion led him to believe that proceeding to trial would be a futile exercise or that he would not receive a fair trial. *See Hendon* at ¶ 13. With no evidence before us that the trial court interjected itself into the plea negotiations, Mr. Henderson's claim must fail. *See id.* at ¶ 14.

{¶13} Accordingly, we conclude that Mr. Henderson has failed to demonstrate that the denial of his pretrial motion for specific enforcement of a plea agreement affected the knowing and voluntary nature of his guilty pleas. He has therefore waived the right to challenge the propriety of any action taken by the trial court prior to entering his guilty pleas. *See Phillips* at ¶ 10.

{¶14} Mr. Henderson's first and second assignments of error are overruled.

III.

{¶15} Mr. Henderson's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE CORGAN, Assistant Prosecuting attorney, for Appellee.