[Cite as *State v. Watts*, 2023-Ohio-42.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

MERLIN GLEN WATTS

    Appellant

C.A. Nos.    21AP0024
                21AP0025

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE Nos.    2021 CR-B 0054
                2021 CR-B 0055

DECISION AND JOURNAL ENTRY

Dated: January 9, 2023

TEODOSIO, Presiding Judge.

**{¶1}** Appellant, Merlin Glen Watts, appeals from his convictions in the Wayne County Municipal Court. This Court affirms.

I.

**{¶2}** In case number 2021 CR-B 000054, Mr. Watts was charged with criminal trespass, a misdemeanor of the fourth degree. In case number 2021 CR-B 000055, he was charged with telecommunications harassment, a misdemeanor of the first degree, making false alarms, a misdemeanor of the first degree, and criminal trespass, a misdemeanor of the fourth degree.

**{¶3}** At his arraignment, the court gave an "en masse" explanation of rights to multiple defendants before further engaging each one in individual colloquies. Mr. Watts was informed of his rights, indicated to the court that he understood them, and signed a written explanation of rights before the court. Mr. Watts failed to appear at his first bench trial and was later arrested on a

warrant. He appeared at another arraignment via video conferencing, and the court again informed the defendants "en masse" of their rights. While addressing Mr. Watts individually, the court confirmed that he had spoken with his attorney and then set a new trial date for him. Mr. Watts again failed to appear at his bench trial and was later arrested on another warrant. At his third arraignment proceedings, again via video conferencing, the court gave the same "en masse" explanation of rights before addressing Mr. Watts personally, ensuring that he will contact his attorney again and also setting a third trial date for him.

{¶4} On the day of trial, defense counsel verbally informed the court that Mr. Watts was requesting a continuance and a jury trial despite being within the 10-day timeframe provided by Crim.R. 23(A). The request was denied. Instead of proceeding with a bench trial that day, Mr. Watts chose to plead guilty to one count of criminal trespass and one count of telecommunications harassment, with the remaining charges being dismissed. The court later sentenced him to 20 days in jail and a $150 fine for criminal trespass, and 90 days in jail and a $500 fine for telecommunications harassment. The court ordered the jail terms to be served consecutively to each other. Mr. Watts appealed, and the cases were later consolidated for appellate purposes.

{¶5} Mr. Watts now appeals from his convictions and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED A REVERSIBLE ERROR WHEN IT DENIED WATTS HIS RIGHT TO A TRIAL BY JURY.

{¶6} In his sole assignment of error, Mr. Watts argues that the trial court erred in denying him his right to a jury trial. We find no merit in this claim, as Mr. Watts waived this argument by pleading guilty in this matter.

**{¶7}** The parties do not dispute that Mr. Watts was initially entitled to a jury trial on the charges filed against him in this matter. *See* the Sixth and Fourteenth Amendments to the U.S. Constitution; Ohio Constitution, Article I, Sections 5 and 10; R.C. 2945.17(A). The Supreme Court of Ohio has held, however, that the right to a jury trial

> is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right of a jury trial in such a case on a written demand therefor filed with the court a specified number of days before the date actually set for the trial for the offense charged.

*Mentor v. Giordano*, 9 Ohio St.2d 140 (1967), paragraph one of the syllabus. *Accord State v. Tate*, 59 Ohio St.2d 50, 52 (1979). Crim.R. 23(A) thus provides:

> In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

*Accord* R.C. 1901.24 (stating that a defendant in municipal court must demand a jury trial in the manner prescribed under the criminal rules or else the right to a jury trial is waived). *See also State v. Feliciano*, 9th Dist. Lorain No. 09CA009595, 2010-Ohio-2809, ¶ 61 (Dickinson, P.J., concurring) ("Although failing to demand a jury trial looks a lot like what in other situations would be forfeiture, in petty offense cases it is waiver.")

**{¶8}** The parties do not dispute that the alleged violations in these cases qualified as "petty offenses" for purposes of Crim.R. 23. *See* Crim.R. 2(C)-(D) (defining a "petty offense" as any misdemeanor for which the penalty includes confinement for six months or less). Mr. Watts appears to argue on appeal that he was never properly informed of his right to a jury trial or of the requirement to file a written jury demand in petty offense cases. *See* Crim.R. 5(A)(5) and 23(A).

More specifically, he seems to take issue with the court's "en masse" explanation of rights to multiple defendants during the three separate arraignments he attended.

{¶9} Crim.R. 10(D) permits judges or magistrates to conduct joint arraignments and advise multiple defendants of their rights with general announcements. The transcripts in this case reveal that the arraignment court conducted both joint and individual advisements of rights. Mr. Watts was present for three different arraignments, in which the court advised the defendants collectively of their rights, including their right to a trial by jury and the need to request a jury trial in writing. The court further explained that if the defendants entered pleas of guilty or no contest, they would be giving up substantial constitutional rights, including the right to a jury trial or bench trial. The court then conducted individual colloquies with each defendant. In addressing Mr. Watts personally, the court explained the substance of each charge against him along with the maximum penalties for each, and Mr. Watts indicated to the court that he understood the charges against him. Mr. Watts also signed a written explanation of rights and verbally informed the court that he read the form, understood it, and had no questions regarding its contents. The form is contained in the record before us and states, in part:

> **JURY TRIAL -** If you are charged with an offense that carries the possibility of a jail term or a fine in excess of $1,000, you are entitled to a trial by jury. You must request a jury trial in writing.

It also states:

> **IF** you enter a plea of "guilty" or "no contest[,"] you will be giving up the following rights: * * * My right to a Court or Jury Trial. I understand that I have a Constitutional Right to a Jury Trial unless my violation is a minor misdemeanor or unless the potential penalty does not include the possibility of a prison or jail term and for which the possible fine does not exceed $1,000.

Directly above Mr. Watts' signature at the end of the form, it states in bold lettering:

> **I have read this explanation of rights document and understand its contents. I understand that I have the opportunity to ask questions to the Court about**

**the rights contained in this notice.  I understand if I have further questions about the rights contained in this notice, I may request a continuance of my arraignment to speak with an attorney.**

**{¶10}**  Accordingly, upon our review of the record, we cannot agree that the arraignment court erred by explaining to multiple defendants "en masse" their rights through a general announcement; nor can we conclude that the court erred in informing Mr. Watts both of his right to a jury trial and of the need to file a written jury demand to receive said jury trial.

**{¶11}**  If Mr. Watts sought a jury trial in either of his cases, he was required to file a timely, written jury demand in accordance with Crim.R. 23(A).  Instead, Mr. Watts' attorney only verbally informed the court on the day of trial as follows:

> Your Honor, I met with Mr. Watts the first time last week.  He is requesting a jury trial less than the ten-day requirement.  The first time we met it was not within time. He would ask for a continuance to re-set the matter for jury.

The trial court denied the request for a continuance, explaining that it was already past the scheduled start time for Mr. Watts' trial that day and noting that the parties were ready to proceed. Upon review, we determine that Mr. Watts' failure to file a timely, written jury demand in these cases was a complete waiver of his right to a jury trial under Crim.R. 23(A), and the trial court was therefore not obligated to provide him with a jury trial.  *See Elyria v. Schramm*, 9th Dist. Lorain No. 4244, 1987 WL 31930, *2 (Dec. 23, 1987).

**{¶12}**  Notwithstanding our above analysis, however, the record is clear that Mr. Watts pled guilty in this matter to two misdemeanors, with the remaining charges being dismissed.  A guilty plea is a complete admission of guilt.  Crim.R. 11(B)(1).  When a defendant knowingly, intelligently, and voluntarily enters a guilty plea with the assistance of counsel, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶

78. This Court has also explained that a defendant who pleads guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although he may contest the constitutionality of the plea itself. *State v. Smith*, 9th Dist. Summit No. 26804, 2015-Ohio-579, ¶ 25. Mr. Watts has not challenged the knowing, intelligent, and voluntary nature of his guilty pleas in this matter, *see id.* at ¶ 26, and this Court will not create and then address such an argument on his behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out"). We can only conclude that, by pleading guilty, Mr. Watts waived the right to challenge the propriety of any action taken by the trial court prior to entering his guilty pleas. *See State v. Phillips*, 9th Dist. Lorain No. 15CA010883, 2016-Ohio-8094, ¶ 10; *Smith* at ¶ 26.

{¶13} Mr. Watts' sole assignment of error is overruled.

III.

{¶14} Mr. Watts' sole assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

JOEY MARULLO, Assistant Prosecuting Attorney, for Appellee.